## N. A. Thompson *vs.* W. M. Dodge.

Submitted on briefs Oct. 22, 1894. Affirmed Oct. 26, 1894.

No. 9030.

**Bicycle riders on the highway.**

A highway is intended for public use, and a person driving a horse thereon has no rights superior to those of a person riding a bicycle.

**It is not unlawful to ride a bicycle in the highway.**

A bicycle is a vehicle, and riding one in the usual manner as is now done upon the public highway, for convenience, recreation, pleasure, or business, is not unlawful.

'The rule as to liability for injury to others.

> A person cannot be made to pay damages for his acts unless they were done in such manner and at such a time as to show that he was acting in disregard of the rights of others.

Appeal by plaintiff, N. A. Thompson, from a judgment of the District Court of Dakota County, *F. M. Crosby*, J., entered March 19, 1894.

*C. P. Carpenter*, for appellant, cited *Holland* v. *Bartch*, 120 Ind. 46; *Swift* v. *City of Topeka*, 43 Kan. 671; *State* v. *Collins*, 16 R. I. 371; *Taylor* v. *Goodwin*, 33 Cent. L. J. 263.

*Hodgson & Schaller*, for respondent.

BUCK, J.    This action was commenced in Justice's Court to recover damages for injury to the plaintiff's carriage, which plaintiff alleges was caused by the carelessness and negligence of the defendant in riding and using a bicycle in the public highway, whereby plaintiff's horse was frightened, and became wholly unmanageable and shied, precipitating the plaintiff, horse, and carriage off from the grade and road into a swamp, and damaging the carriage of plaintiff to the amount of $15.

The plaintiff recovered judgment for $15 and costs, but, upon appeal to the District Court of Dakota county, the judgment was reversed, upon the ground that, conceding all of the testimony introduced by the plaintiff to be true, the defendant was not negligent. The decision of the District Court was right.    It is true that upon a controverted question of negligence, where different deductions or reasonable inferences might be drawn by the jury from the conflicting evidence, the general rule is that the finding of the jury should not be disturbed.    But upon the undisputed facts, or assuming the testimony of the plaintiff to be true, it does not show a cause of action against the defendant.    A person riding a bicycle upon the public highway has the same rights in so doing as persons using other vehicles thereon.    A highway is intended for public use, and a person riding or driving a horse has no rights superior to those of a person riding a bicycle.    In the use of a public highway, there are certain rights of the road which must be observed by all persons, and a

violation of those rights constitutes actionable negligence. Bicycles are vehicles used now very extensively for convenience, recreation, pleasure, and business, and the riding of one upon the public highway in the ordinary manner as is now done is neither unlawful nor prohibited, and they cannot be banished because they were not ancient vehicles, and used in the Garden of Eden by Adam and Eve. Because the plaintiff chose to drive a horse hitched to a carriage does not give to him the right to dictate to others their mode of conveyance upon a public highway, where the rights of each are equal. The traveled grade where the parties met was from ten to twelve feet wide, giving ample room for the parties to have passed each other. 1878, G. S. ch. 14, § 1, provides that when persons meet each other on any bridge or road, traveling with carriages, wagons, sleds, sleighs, or other vehicles, each shall seasonably drive his carriage or other vehicle to the right of the middle of the traveled part of the road, so that the respective carriages may pass each other without interference. This law appears to have been complied with on the part of the defendant. If there was not room to pass, it was as much the duty of the plaintiff to stop as of the defendant; especially in view of the fact that he testified that, when he discovered defendant riding towards him, he anticipated that his horse would be frightened.

In his complaint the grounds of negligence charged are that defendant did not stop riding towards plaintiff, and ascertain whether plaintiff's horse was likely to be frightened, and by riding upon the road grade before plaintiff had time to drive off the same. As the defendant had the legal right to be in the highway, and as there is no allegation in the complaint that the defendant knew, or had any reason to believe or anticipate, that plaintiff's horse would be frightened at defendant's bicycle, or the manner in which he was riding the same, it does not charge actionable negligence. It is not the duty of a party lawfully traveling upon a public highway upon a bicycle, when he sees a horse and carriage approaching, to stop and inquire whether the horse is likely to be frightened, nor to anticipate that such horse will be frightened, especially in the absence of any apparent reason for so doing; and it appears from the evidence that defendant was within five to ten feet of plaintiff's horse when he noticed that the horse was frightened. When he first saw plaintiff, he was about 70 or 100 feet away from him, and riding at the rate of

eight miles an hour; but, to use his expression, he slowed up, and turned out to the edge of the road next to the grass on the right side of the road, and only went the length of the plaintiff's horse before he dismounted, and went to the assistance of plaintiff, and rendered him such assistance as he was able.    There is not a single word of evidence going to show any willful act of tort on the part of defendant, or that he was riding his vehicle in any other than the ordinary way and reasonable manner, or that he apprehended or anticipated any fright on the part of plaintiff's horse.    Simply because the plaintiff's carriage was injured by reason of his horse becoming frightened at defendant's riding his vehicle does not impute negligence to defendant.    If defendant's act was not wrongful, the resulting injury was not actionable.    The plaintiff cannot be made to pay or suffer for his acts, unless the acts done by him were done in such manner and at such a time as to show that he was acting in disregard of the rights of other persons.    This is not such a case.

The pleading and proof of a custom as to parties approaching each other on the grade where this injury resulted are so wanting in stating and proving all the essential elements necessary that we need not discuss this question.

The judgment appealed from is affirmed.

GILFILLAN, C. J., absent, took no part.

(Opinion published 60 N. W. 545.)