WM. TOWNSEND *vs.* SAMUEL M. RICH.

58    559
52LRA107n

Argued by appellant, submitted on brief by respondent, Oct. 11, 1894.   Affirmed
Oct. 26, 1894.

No. 9118.

Evidence *held* to justify the verdict.

Appeal by defendant, Samuel M. Rich, from an order of the District Court of Hennepin County, *Henry G. Hicks,* J., made March 19, 1894, denying his motion for a new trial.

The defendant was in the cold-storage business at Minneapolis having his warehouse on Nicollet Island. The plaintiff, William Townsend of Lapeer, Mich., in November, 1888, delivered to him 1,656 barrels (eleven cars) of Michigan apples to be stored until March and April, 1889, and agreed to pay him therefor ten cents per barrel per month. Plaintiff alleges that defendant kept the storeroom so warm and damp that mould gathered upon the fruit and much of it rotted and decayed, and plaintiff sustained $2,000 damages. Defendant denied this and alleged that the apples were unfit for storage, were an aggregation of many varieties, the clearing up of many orchards late in the season, and had been a month in cars seeking a market and were badly chilled, and that their poor condition when taken from his warehouse was not his fault. On the trial the jury found for plaintiff and assessed his damages at $500. Defendant moved for a new trial. Being denied he appeals. The discussion here was upon the evidence, whether or not it supported the verdict.

*Merrick & Merrick,* for appellant.

*Larrabee & Gammons,* for respondent.

MITCHELL, J. The sole issue in this case was whether the defendant was guilty of actionable negligence in the care of a quantity of apples which plaintiff had intrusted to him to be kept in cold storage, and the only question of any importance on this appeal is whether the evidence justified the verdict in favor of the plaintiff.

An examination of the record satisfies us that the evidence made

a case for the jury.    We think there was evidence from which the
jury were justified in finding that the defendant was negligent in
not supplying the storage room with proper ventilation by opening
the ventilators in mild weather, and that the decay of the apples
was caused, in part at least, by the air becoming damp and foul by
reason of this lack of ventilation.    The contention of the defendant
was that the decay of the fruit was caused by its poor condition
when placed in store.    The direct evidence as to the condition of the
fruit at that time was very conflicting.    The most cogent evidence
produced by defendant was that the apples of another party, placed
in store in the same room, and subjected to the same treatment,
remained there longer than plaintiff's fruit, and came out in good
condition.    Strong as this evidence is, it is not conclusive.    Apples
that are better keepers or in better condition might withstand im-
proper treatment which would materially increase the decay of fruit
that was less hardy, or in poorer condition.    Even if the apples were
conceded to be in poor condition when placed in store, it would not
necessarily follow that plaintiff was not entitled to recover, for if
the decay was caused partly by the inherent vice or infirmity of the
property, and partly by the negligence of the defendant, the plain-
tiff would be entitled to recover for the latter.    This was appar-
ently the view which the jury took of the case, for, while the damage
resulting from the decay of the fruit amounted to nearly $2,000,
they only awarded to plaintiff $500.

The defendant makes a great many specifications of alleged error
in the admission and rejection of evidence.    These are so numerous,
and so many of them palpably groundless, that we do not feel called
upon to discuss them at length.    We have examined all of them,
and while, in a few instances, immaterial evidence may have been
admitted, or evidence admitted out of its proper order, we do not
find a single prejudicial error in the record.

Order affirmed.

(Opinion published 60 N. W. 545.)