PARKER & UPDEGRAFF v. THE UNION ICE AND SALT
COMPANY.

**No. 10629.**

COLD-STORAGE WAREHOUSEMAN—*not liable for injury through
unfitness of warehouse, where customer has equal opportuni-
ties for knowing condition.* Damages are not recoverable from
a warehouseman, a bailee for hire, because of injury to the goods
stored through the unfitness of the warehouse as a place of stor-
age, where the bailor has equal opportunities with the bailee of
knowing whether his goods are liable to injury by storage in an
unsuitable place.

Error from Reno District Court. F. L. Martin,
Judge. Opinion filed October 8, 1898. *Affirmed.*

*S. W. Leslie,* for plaintiffs in error.

*F. F. Prigg,* for defendant in error.

DOSTER, C. J. The defendant in error erected a cold-
storage warehouse for the keeping of perishable goods
for hire. It was sheeted on the inside with hard pine
boards. Among its first patrons were the plaintiffs in
error, who very soon after the completion of the build-
ing deposited eggs in it for preservation through the
summer. These articles became tainted and thereby
damaged from the odor of the hard pine mentioned.
Before opening the warehouse to customers, the de-
fendant in error had by circular letter, a copy of which
was sent to plaintiffs in error, represented its rooms to
be "free from taint." Action for damages was brought;
the case was tried to the court; the above matters
found by it, and in addition thereto the following
specific findings were made:

"10. I find that the officers and agents of defend-
ant had no experience in keeping the building or
keeping cold-storage houses until they erected the cold-
storage house in question and I find that the plain-

tiffs had no experience in the erection of cold-storage houses or the keeping thereof, but I find that one of the plaintiffs, Thomas Parker, had many years experience in shipping, buying and selling butter and eggs and in storing and keeping the same in ordinary ice boxes.

"11. I find that James F. Redhead, President of the Company, and one of the plaintiffs, Thomas Parker, talked frequently about the erection of a cold-storage house before the defendant company began the construction of the house in question, and I find that plaintiff, Thomas Parker, frequently inspected the building when it was in the course of construction and frequently talked to Mr. Redhead about it, and he inspected the room in which the eggs in question were stored before they were placed in storage and during the time they were in storage, and while the eggs were in storage he. and his employees frequently handled and turned the cases containing them for the purpose of keeping the yolks in the center and during the said time made no complaint about the material of which the building was constructed or the way in which the eggs were keeping, but on the contrary frequently expressed himself as being highly pleased with the defendant's cold-storage house and the manner in which it was constructed and operated; that these observations and inspections were not contractual and were made simply because Parker expected to patronize the house and that the plaintiff and defendant at no time knew the goods were being damaged by taint.

"12. I find that the defendant and its officers and agents were negligent in using hard pine boards for the inside walls of the building; being inexperienced, they were negligent in failing to take proper care to determine what kinds of boards were adapted for that purpose.

"13. I find further that plaintiffs were also negligent in failing to use proper care when they had ample opportunity by inspecting defendant's cold-storage house to ascertain the kind of material of which the house was constructed and what effect, if

any, hard pine boards would have upon their goods which were perishable."

From the above facts the court concluded as matter of law that the parties being equally negligent no recovery could be had.

The court's conclusion was sound. The ordinary rules of liability for negligence and contributory negligence obtain in cases of bailment, such as the one in question. A bailor who knows the unfitness of the place of storage of goods provided by his bailee, or who has equal opportunities with the bailee of knowing it, who sees and inspects the place of storage, and who, there being no latent defects in it, passes judgment upon it as a fit place for his purposes, will be deemed equally at fault with the bailee if damage result to his goods. The cases upon the precise question do not seem to be numerous, and but few of them are directly in point, but the rule stated is fairly deducible from and supported by *Knowles v. A. & St. L. Rld. Co.*, 38 Me. 55; *Brown v. Hitchcock*, 28 Vt. 452–8. See, also, Hale on Bailments, 67. It will be observed that the rule as announced is not stated as inclusive of the liability of bailees *quasi*-public in character, such as common carriers. We do not have such kind of case before us.

No special importance is attached to the representation contained in the circular letter of defendant in error that its rooms were free from taint. The law implied as much, without any affirmative representation, to those who were ignorant and without opportunity of knowing for themselves.

Other claims of error are made, but all of them involve a consideration of the evidence in the case. This cannot be given, because it is nowhere stated or in any manner shown in the record that the case-made contains all the evidence.

The judgment of the court below is affirmed.