MINNESOTA BUTTER & CHEESE COMPANY v. ST. PAUL COLD-STORAGE WAREHOUSE COMPANY.

February 1, 1899.

Nos. 11,459—(252).

### Warehouseman—Negligence in Storage of Cheese—Terms of Receipt.

The defendant, a warehouse company, received from plaintiff a large amount of cheese for storage in its warehouse for hire, and issued to plaintiff a receipt, the conditions of which were as follows: "All the property is to be at owner's risk of any loss or damage from riot, fire, water, deterioration, defective cooperage, packing, ratage, vermin, leakage, frost, or from being perishable or otherwise inherently defective when stored." The overhead brinepipes used by defendant in keeping a low temperature in its storage room were covered with ice, and the defendant negligently allowed the temperature in said room to rise so that said ice melted, and the water therefrom, through defendant's carelessness, dripped down upon, and greatly damaged, plaintiff's cheese therein stored. *Held*, that the defendant was not exempt from liability for damage caused by its own negligence.

Action in the district court for Ramsey county to recover damages caused by defendant's negligence in failing properly to keep cheese delivered to it for storage. The case was tried before Kelly, J., and a jury, which rendered a verdict in favor of plaintiff for $1,750. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Clapp & Macartney*, for appellant.

A mere bailee for hire, who is not a common carrier, is under no obligation to receive goods for bailment, and may make any contract he sees fit in reference to the liability assumed. Schouler, Bailm. (3d Ed.) §§ 101, 106; Edwards, Bailm. (3d Ed.) § 333; Leonard v. Hendrickson, 18 Pa. St. 40; Reinstein v. Watts, 84 Me. 139; Story, Bailm. (9th Ed.) § 426a; Symonds v. Pain, 6 Hurl. & N. 709. Having accepted a paper with the terms of which it was familiar, plaintiff cannot say that there was another agreement than that contained therein. Brown v. Hitchcock, 28 Vt. 452. Plaintiff assumed all the risks incident to the refrigerating system. Parker v. Union, 59 Kan. 626.

*Stevens, O'Brien, Cole & Albrecht*, for respondent.

A contract which seeks to limit an already existing obligation will be strictly construed, and unless it in terms provides against negligence it will be unavailing for that purpose. Lawson, Bailm. § 162. A writing will not be so construed as to extend the meaning which its language expresses, because it expresses what would be the legal result if no writing were executed. Delaware v. Starrs, 69 Pa. St. 36. A contract which modifies existing rights must have a consideration to support it. Wehmann v. Minneapolis, St. P. & S. Ste. M. Ry. Co., 58 Minn. 22; Lawson, Bailm. § 156.

BUCK, J.

The plaintiff brought this action to recover of the defendant damages which it alleged it had suffered by reason of the negligent acts of the defendant in caring for a large quantity of cheese which plaintiff had consigned to the defendant to store and preserve for future sales. The cheese was delivered in wooden boxes, in good condition, and placed in defendant's warehouse, where it was to be

kept in a dry room at a temperature of about 32 degrees above zero, and kept at such low temperature by overhead pipes filled with brine. Upon the brinepipes ice and frost formed at a low temperature, but when the temperature rose in the room, as it did, this ice and frost melted, and dripped down upon the floor, and upon the cheese boxes, and thereby caused the cheese to become damp and mouldy, and greatly deteriorate in value. The question of the defendant's negligence was submitted to the jury, and it found a verdict in favor of the plaintiff. The evidence upon this question fully warrants the verdict.

The legal question involved hinges upon the construction to be placed upon a receipt issued by the defendant, and sent to the plaintiff several days after some of the cheese was stored in defendant's warehouse. The receipt acknowledged that defendant had received at different times, on July 2, 3, and 7, 139 boxes of cheese, to be delivered to plaintiff or order, on surrender of the order and payment of all charges. It further contained this provision:

"Conditions.

"All the property is to be at owner's risk of any loss or damage from riot, fire, water, deterioration, defective cooperage, packing, ratage, vermin, leakage, frost, or from being perishable or otherwise inherently defective when stored."

As the plaintiff received and kept this receipt, it was bound by its terms and conditions, but, as we construe the receipt, the defendant is not exempt from its own acts of negligence in caring for the cheese while in its warehouse and it was receiving a full consideration for caring for the same. In all bailments the nature and value of the property affects the question of ordinary care, and this degree of care is such as the generality of mankind use in their own affairs. This receipt was issued by the defendant, and it is using it for its own benefit, and if it is ambiguous it must be construed against itself; and we think that an exemption from a loss or damage through any particular cause will never be construed to cover a negligent loss of that character. Lawson, Bailm. § 162. This receipt does not in terms provide against the negligence of the defendant. The condition that all the property shall be at the owner's risk of any loss or damage from water might doubtless apply

to cases of a great flood, or a violent storm of rain, but not to dripping of water from the overhead pipes resulting from the defendant's negligence in not giving them proper attention and care. It was clearly the defendant's duty to see that such dripping did not injure the cheese left in its care for hire.

The jury found the defendant negligent in this respect, and, as this was in violation of its duty and obligation to the plaintiff, the order denying the defendant's motion for a new trial must be affirmed, as we find no reversible errors. So ordered.