[No. 2411.]

## The Denver Public Warehouse Company v. Munger.

1. **Negligence—Warehousemen—Liability.**

   In the absence of a special contract limiting their liability, warehousemen are ordinary bailees for hire, bound to ordinary care and diligence, and are liable for losses caused by a failure to exercise such ordinary care to protect property stored in their warehouses.

2. **Negligence—Contracts.**

   In all cases contracts against liability for negligence should be construed strictly with every intendment against the party seeking the protection of such contract.

3. **Warehousemen—Negligence—Contracts.**

   A receipt, given by a warehouseman for apples stored for preservation, across which was indorsed the words, "At owner's risk," did not operate to relieve the warehouseman from liability for loss by freezing, caused by his failure to exercise ordinary care for the preservation of the apples.

4. **Warehousemen—Contributory Negligence.**

   In actions against warehousemen for damage to property stored, alleged to have been caused by the negligence of such warehousemen, the doctrine of contributory negligence of the owner, is applicable.

5. **Same.**

   Where an owner stored apples in a warehouse kept for the storage of such property for hire, and which appeared to be suitable for the purpose of preserving the apples, and which had facilities, if availed of, to protect the apples from freezing, and, by failure of the manager of the warehouse to exercise ordinary care to protect the apples against unusually cold weather they were frozen, the owner was not guilty of contributory negligence in storing the apples.

6. **Measure of Damage—Instructions—Harmless Error—Appellate Practice.**

   Error in an instruction upon the measure of damage was not prejudicial to appellant where it appears that appellee, if

entitled to recover at all, was entitled to damage in a larger sum than that recovered.

*Appeal from the District Court of Arapahoe County.*

Mr. T. H. HOOD, for appellant.

Mr. GEO. F. DUNKLEE, for appellee.

Mr. O. E. JACKSON, of counsel.

GUNTER, J.

December, 1898, appellee stored with appellant, who was conducting a public warehouse, a large number of boxes of apples. Certain of the apples were frozen during the February following, and for damages thus sustained appellee sued, had verdict and judgment, and therefrom is this appeal. The charge in the complaint was that appellant was negligent in caring for the apples, which charge there was evidence to support, and which charge the verdict of the jury sustained. For the purpose of discussion, we are justified, therefore, in assuming that appellant was guilty of negligence as alleged.

1. The receipt given by the warehouseman, appellant, for the apples stored, had indorsed thereon, "At owner's risk." It is contended by appellant that this provision of the receipt exempted it from liability for want of ordinary care in preserving the apples.

In the absence of a special contract limiting their liability, warehousemen are ordinary bailees for hire, and, as such, bound only to common care and diligence, and liable only for want of such diligence and care.—*Schmidt v. Blood,* 9 Wendell 268, 24 Am. Dec. 143, 145 and note.

"As to warehousemen, it is also clear that they come within the general rule, and are bound only to take common and reasonable care of the commodity

intrusted to their charge."—Story on Bailments (8th ed.), § 444.

For loss or injury of a thing caused by the hired bailee's ordinary negligence or failure to bestow this ordinary or average care or diligence, he must respond. Such is the criterion in the absence of special modifying stipulations.—Schouler's Bailments and Carriers (3d ed.), § 101; Van Zile Bailments and Carriers, §§ 203, 204.

Contracts against liability for negligence are not favored by the law. In some instances, such as common carriers, they are prohibited as against public policy. In all cases such contracts should be construed strictly with every intendment against the party seeking their protection.—*Crew v. Bradstreet Co.*, 134 Pa. St. 161, 19 Am. St. Rep. 681, 682; *French v. Buffalo, N. Y. & Erie R. R. Co.*, 43 N. Y. 108, 111, 112.

Some of the authorities are that a contract cannot be made by the warehouseman absolving him from liability for the want of ordinary care.

"But negligence in any degree being wrong * * * the better doctrine supported by authority would seem to be that a bailee cannot stipulate against liability for his own negligence."—Am. and Eng. Ency. of Law, Vol. 3 (2d ed.), p. 750; *Lancaster County National Bank v. Smith*, 62 Pa. St. 47, 55.

Some indication of the public policy of this commonwealth as to contracts of this nature is given by the constitution, article 15, section 505, making it unlawful for any person, company or corporation to require of its employees, as a condition of their employment, any agreement releasing such person, company or corporation from liability on account of personal injuries received by reason of the negligence

of such person, company or corporation, and declaring such contracts null and void.

In *Carr v. Schafer*, 15 Colo. 48, 55, it was held that the law does not permit "a common carrier to contract against liability for his own negligence or that of his servants or employees."—*Transportation Co. v. Cornforth*, 3 Colo. 280; *U. P. R. R. Co. v. Rainey*, 19 Colo. 225.

The warehouse here maintained seems to have been a public warehouse as defined by our statute. —Mills' Ann. Stats., Vol. 3, sec. 4640i.

In *Minnesota Butter and Cheese Company v. St. Paul Cold Storage Warehouse Company*, 75 Minn. 408, cheese was stored, and, through the negligence of the warehouseman, was injured. The receipt given by the warehouseman for the goods so stored contained as a part thereof, "At owner's risk." It was contended that this provision of the receipt exempted the warehouseman from liability for the lack of ordinary care in the preservation of the cheese. It was held that such words did not protect against liability for the lack of ordinary care, that the law looked with disfavor upon a contract exempting the warehouseman from liability for the lack of ordinary care, and it would not so interpret the contract unless such were the express terms of the contract. The court *inter alia* said:

"This receipt was issued by the defendant, and it is using it for its own benefit, and, if it is ambiguous, it must be construed against itself; and we think that an exception from a loss or damage through any particular cause will never be construed to cover a negligent loss of that character. * * * This receipt does not, in terms, provide against the negligence of the defendant."

It was held that the words, "At owner's risk," did not exempt the defendant from liability.

In the case we are ruling, appellee stored his apples with appellant for preservation. Appellant received them for that purpose. It was a bailee for hire for that purpose. In the absence of a special contract limiting its liability, it was its duty to use ordinary care. The jury found that it did not use such care. The receipt did not, in terms, provide against the negligence of the defendant. The words "At owner's risk" did not have the effect to release the defendant from the exercise of ordinary care. We do not go to the extent that a warehouseman cannot limit his liability. A ruling upon this question is not necessary to this decision. We do hold, however, that the words "At owner's risk," in this receipt, do not operate to relieve appellant, the warehouseman, from the duty to exercise ordinary care in the preservation of the apples intrusted to his keeping.—See also *Hunter v. Baltimore Packing and Cold Storage Co.,* 75 Minn. 445, 78 N. W. 11.

2. It is said that appellee was guilty of contributory negligence in storing his apples with appellant. The doctrine of contributory negligence applies to cases of this character. See note in *Schmidt v. Blood, supra,* and cases there cited.—*Parker v. Union Ice and Salt Co.,* 59 Kan. 626, 68 Am. St. Rep. 383.

But there is no proof of contributory negligence in this case. Appellee stored his apples in what appeared to be a warehouse suitable for the purpose sought. The negligence was in the management of the warehouse in not exercising ordinary care to protect the apples against the unusually cold weather. Facilities existed in oil stoves, but these. it seems, were not availed of.

Appellee had no reason to suppose that the warehouse would not be so managed, and its temperature so kept, that his apples would not be damaged. In

no degree did he contribute to the negligence which resulted in the loss of his apples.

3. Appellant complains of the rule laid down by the court for the admeasurement of damages.

It would serve no useful purpose to discuss this instruction; if there be error in it, appellant sustained no damage from it, because, if it be true, as the jury found, that appellant was guilty of negligence, appellee was entitled to damages in a larger sum than he recovered.

The judgment should be affirmed.

*Affirmed.*