### COHEN et al. v. KOSTER.

(Supreme Court, Appellate Term. June 30, 1908.)

1. BAILMENT—GOODS LEFT BY THIRD PERSON—AFFIRMANCE BY BAILOR—CONVERSION BY BAILEE.

Where a truckman, to whom a case of goods had been delivered for transportation, left the case in his truck at defendant's stable, the bringing of an action against defendant by the owner of the goods for conversion thereof was an affirmance of the act of the truckman.

2. SAME—LOSS OF GOODS—LIMITATION OF LIABILITY.

Though the owner of a stable posted a sign therein that he would not be responsible for goods left in trucks in the stable, he was liable for conversion of merchandise left in a truck, where he delivered the same to a stranger.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bailment, §§ 75, 76.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Isidor W. Cohen and another against William Koster, Jr. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Goldfogle, Cohn & Lind (Alfred D. Lind, of counsel), for appellant.

Moses R. Ryttenberg, for respondents.

MacLEAN, J. By this their action for the conversion of a case of merchandise delivered for transportation to a truckman, who stabled his truck and the case loaded thereon with the defendant overnight, the plaintiffs may be said to have affirmed the act of the truckman. It is quite immaterial herein that the defendant had informed the truckman on a prior, or even on this particular, occasion, or had printed signs in his stable, that he would not be responsible for merchandise left on trucks, as the conversion established by the evidence, even by the testimony of the defendant himself, was the redelivery of the case of merchandise to a stranger, whatever the prior custom employed therein by the defendant or by the drivers or helpers of the truckman. It was held in Esmay v. Fanning, 9 Barb. 176, no defense in an action of trover against the bailee of a chattel to show a delivery of the chattel to a person not authorized to receive it. The judgment in favor of the plaintiffs should be affirmed.

Judgment affirmed, with costs. All concur.