## 5490. DARLING *v.* PURDOM, administrator.

1. Where an administrator was entitled to the possession of certain personalty as property of the decedent's estate, and a person in possession of it promised the administrator to hold it for him, and not to part with it without an order from him, but afterwards delivered it to one not authorized by the administrator to receive it, the person so delivering it was liable to the administrator for its value.

2. There being a contractual relation between the parties, whereby the property was held by the defendant as bailee, a tort arising from breach of his duty as bailee could be waived and an action of assumpsit be maintained by the bailor on the promise to discharge the duty.

DECIDED MAY 16, 1914.

Certiorari; from Pierce superior court—Judge Quincey. February 14, 1914.

*E. H. Williams,* for plaintiff in error.

*Memory & Summerall,* contra.

ROAN, J. Purdom, administrator of the estate of W. M. Gaddy, sued E. L. Darling in a justice's court for $35, the alleged value of one set of harness, a horse blanket, and a saddle, alleged to be property of the said estate. From the evidence it appears that these articles were in the possession of the defendant. As to how they came into his possession the evidence in the record is silent. The administrator learned that they were in the possession of Darling, and went to see him, and Darling admitted having them, and that he had no claim on them. Thereupon the administrator told Darling that he desired him to hold the property for him as administrator, and not to part with the possession thereof to any one without his order; and Darling agreed to hold the property subject to his order. Shortly thereafter the son of W. M. Gaddy, the decedent, went to the defendant and said that he was about to leave town, and that he would take these articles. The defendant asked him if he had seen the administrator about it, and he replied that he had, and that it was all right. Upon this representation he turned the articles over to the son. Afterwards the administrator demanded the property of him, and he replied that he had turned it over to the son, as the son told him it was all right with the administrator. The administrator then brought this suit, to recover the value of the property. The undisputed evidence showed that it was worth $35. The jury returned a verdict against the defendant for that sum. The defendant sued out certiorari, and he

excepts to the judgment of the superior court, overruling the certiorari.

1.   Whatever right of action the plaintiff, as administrator of the estate of W. M. Gaddy, may have against the defendant must ·be predicated upon the contract that the defendant made with him to hold this property for him as administrator of said estate, and not to part with it without a proper order from him. *Morris Storage & Transfer Co.* v. *Wilkes,* 1 *Ga. App.* 751 (58 S. E. 232).   It appears that the defendant failed to hold the property as he promised to do for the estate, but turned it over to one not authorized by the administrator to receive it.   When the defendant did this he subjected himself to liability for the loss occasioned by a breach of the contract.   The proof shows loss to the amount of the verdict.

2.   When a contractual relation exists such as that of bailor and bailee, whereby the latter retains for the former rightful possession of the property, a tort arising out a breach of the bailee's duty may be waived by the bailor, and an action of assumpsit be maintained against the bailee on his express or implied promise to discharge the duty arising out of the bailment.   See *Bates* v. *Bigby,* 123 *Ga.* 727 (51 S. E. 717) ; *DeLoach Mill Mfg. Co.* v. *Standard Sawmill Co.,* 125 *Ga.* 377-8 (54 S. E. 157) ; *Southern Express Co.* v. *Briggs,* 1 *Ga. App.* 300 (57 S. E. 1066).

3.   The court below committed no error in overruling the certiorari.                                    *Judgment affirmed.*