## W. S. Langford et al. v. E. P. Nevin.

### No. 4850. Decided October 19, 1927.
### (298 S. W., 536).

*Mathis & Caldwell,* for appellants.

Contract between bailee and bailor by which bailee relieves himself from liability due to his, or his employees,' negligence is valid, except on account of gross negligence. Munger Automobile Co. v. American Lloyds of Dallas, 267 S. W., 304; World's Columbian Exp. Co. v. Republic of France, 96 Fed., 687; Coffield v. Harris, 2 Ct. App. Civ. Cas. (Willson), p. 273; Sanchez v. Blumberg, 176 S. W., 904; 6 Corpus Juris, 1112.

In suit between bailor and bailee because of alleged liability for loss of automobile left with bailee for repair, testimony by bailee of contract with bailor wherein bailee relieved himself of liability because of his negligence is admissible before the jury. Munger Automobile Co. v. American Lloyds of Dallas, 267 S. W., 304.

After bailee and bailor entered into a contract whereby bailee relieved himself from liability due to his negligence, because of loss of car by theft, such contract, if established, is a defense to bailor's

suit for the value of stolen car, where the issue involved is whether or not bailee used ordinary diligence. Authorities previously cited.

*Kay, Akin & Smedley,* for appellee.

Testimony that the garage keeper had in his garage signs reading, "Not responsible for loss in case of theft or fire," and that these were called to the attention of the owner of the car when he left his car in the garage to be repaired, would not excuse the garage keeper for his negligence in taking the car out of the garage and leaving it on the street with the keys in it, where it was stolen, for the reason that the limitation of the garage keeper's liability imposed by the signs, if any, had reference to theft of the car in the place where the car was left and where the signs were hung, that is, in the garage, and such limitation had no reference to theft of the car occurring in another place and caused by the garage keeper's negligence. That stipulations limiting liability are strictly construed: Lancaster v. Sanford, 225 S. W., 808; Scott Auto & Supply Co. v. McQueen (Okla.), 226 Pac., 372, 34 A. L. R., 162; Evertson v. Frier, 45 S. W., 201; Cochran v. Walker, 49 S. W., 403; Kennedy v. Portmann (Mo. App.), 70 S. W., 1099; Scott-Mayer Commission Co. v. Merchants Grocery Co., 147 Ark., 58, 226 S. W., 1060, 12 A. L. R., 1316, and note; Tallahatchie Compress & Storage Co. v. Hartshorn, 125 Miss., 662, 88 Southern, 278, 17 A. L. R., 974, and note; Karoleff v. Schildkraut, 179 N. Y. Supp., 117.

The trial court did not err in excluding the testimony with reference to the signs, reading, "Not responsible for loss in case of fire and theft," because an agreement limiting the liability of the garage keeper and exempting him from liability for his own negligence would have been void as contrary to public policy. Note, 42 A. L. R., pp. 135 *et seq.;* Scott Auto & Supply Co. v. McQueen (Okla), 226 Pac., 372, 34 A. L. R., 162; Cascade Auto Co. v. Potter, 72 Colo., 570, 212 Pac., 823; Note, 15 A. L. R., pp. 681 *et seq.;* 6 C. J., p. 1112, Sec. 44, and cases cited in Note 56; Kleiner v. Cohn, 132 N. Y. Supp., 779; Sullivan v. Williams, 176 N. Y. Supp., 710; Fisheries Co. v. McCoy, 202 S. W., 343; G. H. & S. A. R. R. Co. v. Pigott, 116 S. W., 841, 848, and cases cited; T. & P. R. R. Co. v. Putnam, 63 S. W., 910; 3 Blashfield Cyc. of Automobile Law, p. 2739; Parris v. Jaquith, 70 Colo., 63, 197 Pac., 750; Simms v. Sullivan, 100 Oregon, 487, 198 Pac., 240, 15 A. L. R., 678; Pilson v. Tip Top Auto Co., 67 Oregon, 528, 136 Pac., 642; Renfroe v.

Fouche, 26 Ga. App., 340, 106 S. E., 303; Weinberger v. Werremeyer, 224 Ill. App., 217.

Mr. Presiding Judge HARVEY delivered the opinion of the Commission of Appeals, Section A.

W. S. Langford was engaged in the business of conducting a garage in the City of Wichita Falls for the storage and repair of automobiles for compensation. E. P. Nevin carried his automobile into the garage and there delivered it to the servant of Langford, who was in charge of the garage, for the purpose of having the car repaired. Thereafter, it became necessary, in rearranging and placing the various cars in the garage, for Langford's said servant to remove Nevin's car temporarily from the garage building. The said servant drove the car out of the building and parked it in a public street that ran alongside the building. He negligently left the car standing in the street, with the key in the lock of the car. From this place the car was stolen by some unknown person, and has never been recovered. Nevin brought this suit against Langford, seeking to recover the value of the car on account of its loss through the negligence of Langford's servant, as above stated. Upon the trial, Langford offered testimony for the purpose of proving the following facts, which he had pleaded as grounds of defense, to-wit: That there were posted in conspicuous places in the garage building a number of printed signs reading, "Not responsible for loss in case of fire or theft"; that, at the time Nevin brought his car into the garage, these signs were called to his attention and he assented to the language thereof as constituting a part of the bailment contract. This testimony, on objection, was excluded from the jury by the trial court. The jury, in answer to a special issue on the subject, found that Langford's servant was guilty of negligence in leaving the car in the street, with the key in the lock, as he did. Judgment was rendered in favor of Nevin for the value of the lost car. An appeal was prosecuted from this judgment, and the Court of Civil Appeals has submitted herein a certified question inquiring if it was reversible error for the trial court to exclude the testimony which was offered by Langford, as herein above stated.

Whether or not one engaged in conducting a garage, as a business, for the storage or repair of automobiles for people generally, for compensation, may, without contravening public policy, contract for exemption from the exercise of ordinary care with respect to the safety of an automobile intrusted to him in the course of the business, has not been settled in this State. A disposition of the present

case does not require a determination of the question, and for this reason an opinion in that regard is reserved. Granting, however, that such an exemption may be effected by special contract stipulation in a case of this character, the language of the stipulation must be clear and unambiguous. Ordinarily, in cases of this kind, men do not intentionally subject their property to the hazard of being lost through lack of ordinary care to prevent the loss. A provision of the bailment contract which subjects the property to such a hazard is unreasonable. Therefore, a provision which is relied upon by the bailee as exempting him from the exercise of ordinary care with respect to the safety of the property, will be strictly construed by the courts, and will not be interpreted as effecting the exemption if any other meaning may reasonably be ascribed to the language employed. In cases of bailment having the general aspects of this one, a contract provision, which purports to exempt the bailee from liability for loss due to particular causes other than the negligence of the bailee, does not in any respect exempt him from the implied obligation of ordinary care which his relation to the bailed property, as bailee for hire, imposes upon him. 40 Cyc., 438; Gulf Compress Co. v. Harrington, 90 Ark., 256, 119 S. W., 249; Dieterle v. Bekin, 143 Cal., 683, 77 Pac., 664; Denver Public Warehouse Co. v. Munger, 20 Colo. App., 56, 77 Pac., 5; Minnesota Butter Co. v. St. Paul Cold Storage Warehouse Co., 75 Minn., 445, 77 N. W., 977; Hersig v. New York Cold Storage Co., 115 N. Y. App. Div. 40, 100 N. Y. Supp., 603; 10 C. J., 182, Sec. 235; New Jersey Steam Navigation Co. v. Bank, 6 How., 344; 6 C. J., 1112; Wells v. Navigation Co., 8 N. Y., 379; Schiefflin v. Harvey, 6 Johns., 180, 5 Am. Dec., 206.

The language of the posted signs in question here does not in express terms provide for the exemption of the bailee from the obligation, inhering in the bailment compact, to exercise ordinary care to prevent the theft of the automobile. Under the rule of strict construction to which it is subject, we think that such language, considered as a term of the bailment contract, would not impliedly effect such exemption. This being the case, we do not think that the excluded testimony, to which the certified question relates, is material to the issues in the case.

We recommend that the question certified be answered "No."

The opinion of the Commission of Appeals answering the certified question is adopted, and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.