## CENTRAL MEAT MARKET v. LONG-WELL'S TRANSFER, Inc.

### No. 1682—6173.

Commission of Appeals of Texas, Section A.

June 24, 1933.

88

Harrison, Scott & Rasberry, of El Paso, for plaintiff in error.

C. W. Croom, of El Paso, for defendant in error.

SHARP, Judge.

In May, 1931, the president of Central Meat Market left its automobile with Longwell's Transfer, Inc., a public garage keeper of automobiles for hire. Defendant gave the plaintiff a claim check for the car. After the car had been in the garage a day or two, plaintiff's president presented the claim check and demanded the car, and he was informed that the car was not in the garage. Suit was filed for the value of the car. The cause was submitted to the trial judge, and he filed findings of fact and conclusions of law, and held that defendant had exercised ordinary care for the safety of the car and entered judgment for the defendant. The Court of Civil Appeals affirmed the judgment of the trial court. 43 S.W.(2d) 616.

A writ of error in this cause was granted upon the proposition that the Court of Civil Appeals erred in overruling the contention that in every contract of bailment there exists an implied obligation to return the property upon the expiration of the bailment, and one who receives an automobile to store for hire is liable to the owner for loss thereof through misdelivery to a third person, although the bailee was guilty of no negligence.

The Court of Civil Appeals, in effect, held that a garage keeper is not an insurer of the safety of an automobile stored for hire, and, where proof is offered that it was stolen without negligence on his part, it is a good defense to the claim of the owner of the automobile.

The facts appear to be undisputed. The controlling facts are that the president of plaintiff in error stored the car in controversy with defendant in error, who was engaged in the business of receiving automobiles for storage for hire; that defendant in error gave the plaintiff in error a claim check on which were printed the words: "Not responsible for loss by fire or theft"; that there was on display in the garage several signs upon which were printed similar words; that the president of the Central Meat Market never observed the signs nor read the words on the claim check; that a day or two afterwards the president presented his check to the garage owner and demanded the car, and it was then learned that the car was not in the garage; that two former employees of defendant in error were in and around the garage for such extra work as might come in; that the unused claim checks used by defendant in error were placed in a box near the center of the garage, and that one or both of the former employees of defendant in error secured a blank claim check and placed one-half of the check upon the car stored and took off the check which had been placed thereon; that later two men stopped in front of the garage, and one of them presented the portion of the claim check which had been secured of the two former employees and demanded the car, which was delivered to him and it was driven away.

The facts establish the following conclusions: (a) That the defendant in error received the car in controversy as a bailee for hire; (b) that it issued a claim check therefor with at least the implied understanding or agreement that the automobile would be delivered to the owner or to his order upon the presentation and surrender of the check; (c) that the third person obtained the automobile by means of deception and forgery and in such a manner as constitutes theft as defined by the penal statutes of this state; and (d) that the defense the defendant in error offered for failure to deliver the car to plaintiff in error when demand was made therefor was that the claim check had been fraudulently changed, and that it had been deceived, and by reason thereof had misdelivered the car to another.

The trial judge found that the defendant in error exercised ordinary care for the safety of plaintiff in error's car under the circumstances stated. He therefore concluded that defendant in error was entitled to a judgment, and same was rendered accordingly.

Defendant in error contends that a garageman, who receives an automobile for storage for hire, is not responsible to the owner for loss, through theft of the automobile, if the garage man was guilty of no negligence. On the other hand, plaintiff in error contends that, where a public garage owner, engaged in the business of storing automobiles for hire, is deceived or tricked under circumstances amounting to theft, as defined by the Penal Code, into delivering an automobile stored with him for safe-keeping to one other than the owner or his order, he is liable for

a conversion, even though he is not guilty of negligence.

 The courts have frequently passed upon the question of liability of bailees for hire. In the recent case of Exporters' & Traders' C. & W. Co. v. Bargainer (Tex. Com. App.) 45 S.W.(2d) 563, the liability of a public warehouseman for cotton stored for hire and which was destroyed by fire was considered. In that case the authorities were reviewed, and it was held that a warehouseman cannot insert provisions in the receipt which would relieve him from the consequences of his own negligence. It was also held that words used in the receipt or contract that the warehouseman shall not be responsible for certain causes of damage or injury, such as fire, etc., is generally held not to exempt the warehouseman from the results of his own negligence or relieve him from the exercise of reasonable care. This doctrine is supported by the great weight of authority.

With respect to the liability of a bailee for property stored for hire which is stolen without his fault, some of the Courts of Civil Appeals have announced the rule that, where property is stolen, the bailee is not liable, if it was stolen without his fault. The Court of Civil Appeals in this case reviewed the authorities bearing upon this point, and seems to have rested its opinion upon this theory. But a reading of the cases supporting this conclusion plainly shows that the question of the misdelivery of property was not involved. The case of Langford v. Nevin, 117 Tex. 130, 298 S. W. 536, 537, involved the liability of a bailee for a loss of an automobile stored for hire. It was contended in that case, as here, that, because there was posted in conspicuous places in the garage a number of printed signs reading "Not responsible for loss in case of fire or theft," this released the bailee from liability for the loss of the car by theft. In that case the opinion was based upon other grounds, and it was stated that the question had not been decided in this state, and an opinion in that regard was reserved.

 The question as to what is the liability of bailees for hire, where the property has been lost through a misdelivery by the bailee to a third person, has never been passed upon by the Supreme Court of this state. When the car was delivered to the bailee for storage for hire, the bailee, either expressly or impliedly, promised to redeliver the car to the bailor. If he fails to redeliver the car to the rightful owner and misdelivers it to another person not entitled to receive it, he is guilty of a conversion. The courts in other jurisdictions in passing upon this question have not attempted to draw any fine distinctions. They have stripped the subject of the inquiry as to whether the property was lost by theft, or fire, or other reasons, without fault of the bailee, and placed their decisions squarely upon the ground of misdelivery of the property by the bailee. Let us briefly review some of the authorities supporting this view. In the early case of Esmay v. Fanning, 9 Barb. (N. Y.) 176, the question of a bailee's liability for misdelivery of property was before the court, and it was held:

"The question, therefore, becomes narrowed down to this: whether a bailee of a chattel is answerable in trover, on showing a delivery to a person not authorized to receive it. In Devereux v. Barclay, (2 Barn. & Ald. 702 [106 Eng. Reprint, 521],) it was held that trover will lie for the mis-delivery of goods by a warehouseman, although such mis-delivery was occasioned by mistake only —and this court, in Packard v. Getman, (4 Wend. [N. Y.] 613 [21 Am. Dec. 166],) held that the same action would lie against a common carrier, who had delivered the goods, by mistake, to the wrong person. The same point was ruled by Lord Kenyon in Youl v. Harbottle, (Peake's N. P. Cases, 49,) and by the English Common Pleas in Stephenson v. Kent, (4 Bing. 476 [130 Eng. Reprint, 851].) If trover will lie against a common carrier or a warehouseman for a mis-delivery, it can, under the like circumstances, be sustained against a bailee for hire, or a gratuitous bailee. It results from the very obligation of his contract, that if he fails to restore the article to the rightful owner, but delivers it to another person, not entitled to receive it, he is guilty of a conversion. (Story on Bail. § 414.)"

The foregoing legal principle has been approved in many cases. That case was cited as an authority in the case of Hall v. Boston & W. R. Corp., 14 Allen (Mass.) 439, 92 Am. Dec. 783. This precise question was involved in that case, and the court held: "The remaining question is, Are the defendants liable for a conversion of the property? It is insisted on their behalf that this depends upon the amount of care they were bound to exercise, and the degree of negligence of which they were guilty. But this is an erroneous view of the law. A misdelivery of property by any bailee to a person unauthorized by the true owner is of itself a conversion, rendering the bailee liable in trover, without regard to the question of due care or degree of negligence. This is a well established legal principle, applicable to every description of bailment. The action of trover is not maintained by proof of negligence, but only of misfeasance amounting to a conversion. And a delivery to an unauthorized person is as much a conversion as would be a sale of the property, or an appropriation of it to the bailee's own use. In such cases neither a sincere and apparently well founded belief that the tortious act was right, nor the exercise of any degree of care, constitutes a defence even to a gratuitous bailee.

Lichtenhein v. Boston & P. R. Co., 11 Cush. [Mass.] 70. Polley v. Lenox Iron Works, 2 Allen [Mass.] 182. Lawrence v. Simons, 4 Barb. [N. Y.] 354. Esmay v. Fanning, 9 Barb. [N. Y.] 176. The question whether the defendants were warehousemen bound to exercise ordinary care, or gratuitous bailees liable only for gross negligence, is therefore wholly immaterial."

The rule above stated has been followed by the Supreme Court of Massachusetts, and is the law of that state. Jenkins v. Bacon, 111 Mass. 373, 15 Am. Rep. 33, 1 Am. Neg. Cas. 781; Murray v. Postal Teleg.-Cable Co., 210 Mass. 188, 96 N. E. 316, Ann. Cas. 1912C, 1183; Doyle v. Peerless Motor Car Co., 226 Mass. 561, 116 N. E. 257.

The doctrine announced in the foregoing cases has been followed by the courts of other states: Hubbell v. Blandy, 87 Mich. 209, 49 N. W. 502, 24 Am. St. Rep. 154; Devereux v. Barclay, 2 Barn. & Ald. 702, 106 Eng. Reprint, 521; Cohen v. Koster, 60 Misc. 65, 111 N. Y. S. 673; Darling v. Purdom, 14 Ga. App. 597, 598, 81 S. E. 800, 801; Kowing v. Manly, 49 N. Y. 192, 10 Am. Rep. 346; Murray v. Farmers' & M. Bank (Mo. App.) 206 S. W. 577; McLain v. West Virginia Automobile Co., 72 W. Va. 738, 79 S. E. 731, 48 L. R. A. (N. S.) 561, Ann. Cas. 1915D, 956; Cascade Auto Co. v. Petter, 72 Colo. 570, 212 P. 823; Rowlands v. Electrical Construction Co., 174 Wis. 165, 182 N. W. 736; Berry's Automobiles (5th Ed.) p. 1076; Blashfield's Cyclopedia of Automobile Law, Annotated, vol. 3, p. 2731; Corpus Juris, vol. 6, par. 99, p. 1143; R. C. L. vol. 3, § 38, p. 116.

The case of Murray v. Farmers' & M. Bank, supra, involved the liability of a bailee of a note having misdelivered it to one not the pledgor, and the court held: "Where bailee delivers the property deposited to person other than bailor, he determines the right of such person to the bailment at his peril and is liable for wrongful delivery, regardless of negligence." For an able and exhaustive review of the authorities bearing upon this question we refer to the case of Potomac Ins. Co. v. Nickson, 64 Utah, 395, 231 P. 445, 42 A. L. R. 128, and the annotations of authorities upon this subject in 15 A. L. R. 681 and 42 A. L. R. 135.

We think the foregoing authorities sustain the rule that a public garage owner, who receives a car for storage for which a claim check is issued, is liable to the owner for loss of the car through misdelivery to a third person not entitled to it, although the bailee was guilty of no negligence in the matter. The facts of this case invoke this rule.

We recommend that the judgments of the Court of Civil Appeals and trial court be reversed and this case be remanded to the trial court for a new trial.

CURETON, Chief Justice.

Judgments of the trial court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.