## GULF COAST CHEMICAL CO. v. HOPKINS.

### No. 12914.

Court of Civil Appeals of Texas. Dallas.
Oct. 19, 1940.

Rehearing Denied Dec. 7, 1940.

Chrestman, Brundidge, Fountain, Elliott & Bateman and J. A. Blakeley, all of Dallas, for appellants.

J. Frank Wilson and J. Lee Zumwalt, both of Dallas, for appellee.

YOUNG, Justice.

The suit in the lower court was by appellant against Hopkins, a garage keeper, for loss of an automobile placed for storage on a fee basis, but not redelivered on demand. Fireman's Fund Underwriters intervened, claiming an interest in the action, as assignee under a policy insuring the particular car against theft. Upon a trial to the court, judgment was rendered for the garage owner, from which the losing parties have appealed. It appears to be undisputed that said vehicle was stolen shortly after being stored, and the only issue before the court was, whether Hopkins, as bailee, exercised ordinary care under the circumstances of the car's disappearance. Munger Automobile Co. v. American Lloyds of Dallas, Tex.Civ.App., 267 S.W. 304; Exporters' & Traders' Compress & Warehouse Co. v. Schulze, Tex.Com.App., 265 S.W. 133; Langford v. Nevin, 117 Tex. 130, 298 S.W. 536. Appellee testified by deposition and in person, and, therefrom, the court determined he was not at fault, which conclusion, we believe, has support in the rec-

ord. In a non-jury trial, every reasonable inference of fact, supported by the statement of facts, will be drawn in favor of the court's rendition. 3 T.J., Appeal and Error—Civil, Sec. 747, p. 1060; Houston Oil Co. v. Biskamp, Tex.Civ.App., 99 S.W.2d 1007. Such judgment must therefore be affirmed.

Affirmed.

### On Motion for Rehearing.

Appellants stoutly attack our statement that the automobile in question was shown by the undisputed testimony to have been stolen. We were led to this general conclusion by plaintiff's own alternative pleading that the car was stolen by reason of defendant's negligence in safeguarding it; by the defense of Hopkins, alleging its theft without negligence on his part; and intervener, Fireman's Fund Underwriters (owning the greater part of said action), in turn alleged payment to appellants of $630 under a species of theft policy. Plaintiff's manager, Rawlins, testified that upon demand for the car, bailee Hopkins said it had been stolen, and it was later located in San Antonio. Appellants' own statement of the garage owner's testimony contains all the elements of theft, which commonly means a taking of personal property secretly, without right, leave, or consent of the owner; ordinarily to be established by circumstantial evidence. The whole record, we think, embodies more than a mere presumption or inference of theft, preponderating so strongly to such conclusion that the trial court could hardly have found otherwise. At least, the issue was squarely raised, thereby invoking the rule in non-jury trials that the judgment of the court must be affirmed, if there is evidence to support it upon any theory of the case.

The motion for rehearing is overruled.