DELTA ICE COMPANY *v.* WILLIAMS.

4-7337                                   179 S. W. 2d 656

Opinion delivered April 17, 1944.

*McDaniel, Crow & Ward,* for appellant.

*Kenneth C. Coffelt,* for appellee.

ROBINS, J. Appellant prosecutes this appeal to reverse a judgment of the lower court in favor of appellee for $25 damages alleged to have been sustained by appellee on account of the spoiling of appellee's meat while it was in appellant's care.

Appellant operates, in connection with its ice plant at Benton, Arkansas, a cold storage plant wherein it receives and stores for hire perishable goods. Appellee purchased from Mr. Ross McDonald a hog which had just been butchered. One of the hams was delivered to appellee at his restaurant. Appellee directed Mr. McDonald to store the remainder of the hog for him at appellant's plant. Mr. McDonald took the meat, which had been butchered about two hours before, and delivered it, in an open box, to appellant. The meat had not been salted. After the pork had remained in appellant's plant some days appellant notified appellee to come and get it, and, on appellee's failure to do so, about five or six days thereafter, sent the meat to appellee. When the meat was delivered to appellee it was unfit for use. The proof did not show definitely the cause of the meat spoiling, but witnesses testified that fresh meat packed in a box without being cooled would sour, even if placed in a cold storage plant.

Mr. McDonald, who carried the box of meat and placed it in the cold storage plant for appellee testified that he was raised in the country and had had some experience in killing hogs. He said: "I don't think I

would kill a hog and put it in a box and let it set seventeen days without any salt. I imagine it would ruin. I would think most anybody that ever handled any meat would know that.''

It was not claimed by appellee that appellant failed to maintain a proper temperature in the storage room or that appellant mishandled the meat in any way. There was no testimony tending to establish the existence of a duty on the part of appellant, created by contract, to examine the meat, or to salt it, or to change the manner in which it was packed, nor was it shown that appellant ordinarily made any investigation as to the condition, at the time of delivery to it, of articles stored with it. The manager of appellant's plant testified without contradiction that customers brought meat and vegetables in boxes, cartons and packages and that these articles were stored as they were brought in without any inspection. The only ground of negligence asserted in the lower court and submitted to the jury was the alleged negligence of appellant in accepting the meat in such condition that appellant knew or should have known that it would spoil.

Assuming, but not deciding, that the evidence was sufficient to justify a finding of negligence on the part of appellant in accepting for storage recently butchered unsalted pork packed in an open box, the evidence was conclusive that Mr. McDonald, appellee's agent in delivering the meat to appellant for storage, knew at least as much about the condition of the meat, the manner in which it was packed and the probable result of it being stored in that condition as appellant knew or could have known.

Negligence of a bailor contributing to injury of stored goods is ordinarily a bar to an action by the bailor against the bailee to recover for such damage. ''The general rules governing contributory negligence apply in cases of bailment to a warehouseman, and, in accordance therewith, if the negligence of the bailor or his servants contributes to loss or injury of stored goods, the warehouseman is not liable. . . .'' 67 C. J. 520. ''The contributory negligence of the depositor is gen-

erally a bar to the recovery of damages from a warehouseman who has been guilty of negligence in the care of stored property." 27 R. C. L. 990. In the case of *Holt Ice & Cold Storage Co.* v. *Arthur Jordan Co.*, 25 Ind. App. 314, 57 N. E. 575, it was held that if the bailor, at the time of the storage, knows the circumstances under which property would be stored and knows that same would be injured thereby, there could be no recovery. To the same effect was the ruling of the Supreme Court of Kansas in the case of *Parker* v. *Union Ice & Salt Co.*, 68 Am. St. Rep. 383, 59 Kan. 626, 54 Pac. 672, in which it was said: "A bailor, who knows the unfitness of the place of storage of goods provided by his bailee, or who has equal opportunities with the bailee of knowing it, who sees and inspects the place of storage, and who, there being no latent defects in it, passes judgment upon it as a fit place for his purposes, will be deemed equally at fault with the bailee if damage result to his goods." This was quoted and approved in the case of *Ray* v. *Alexandria Ice & Cold Storage Co., Inc.*, 166 La. 1091, 118 So. 323. Other cases exemplifying this rule are: *Winn* v. *American Express Co.*, 159 Ia. 369, 140 N. W. 427, 44 L. R. A., N. S. 662; *Betts* v. *Farmers Loan & Trust Co.*, 21 Wis. 80, 91 Am. Rec. 460.

Since the agent of appellee, who placed the meat in storage for appellee, admitted that he knew that fresh, unsalted meat, packed as appellee's meat was, would spoil, we conclude that, even if appellant was guilty of negligence in accepting the meat for storage, appellee is barred by the negligence of his agent in delivering the meat for storage improperly packed, not cooled and not salted.

The lower court should have sustained appellant's motion for peremptory instruction in its favor, and, for its error in not doing so, the judgment of the lower court is reversed, and the cause having been fully developed, same is dismissed.