## GABBERT v. MILLER.
### No. 4910.

Court of Civil Appeals of Texas.
El Paso.

Dec. 10, 1952.

Edwin T. Stitt, Midland, for appellant.

Barbara G. Culver, Midland, for appellee.

SUTTON, Justice.

This appeal is from the County Court of Midland County. Ray G. Miller sued the appellant to recover $282 alleged to be the damages sustained by him for the loss of certain wearing apparel delivered by him, or for him, to the defendant to be cleaned and pressed, which was never returned to him. The petition recites the delivery of the apparel and the failure of defendant to redeliver it. Paragraph VII is as follows:

"That Plaintiff has been damaged in the following particulars: Due to the carelessness, mistake, oversight and negligence of defendant and his agents:

1. One blue double breasted serge suit .......... $ 70.00
2. One Scotch tweed ...... 93.00
3. Trousers to a blue pin-striped suit, suit being of no value without the trousers,
   One blue pin-striped suit ................ 70.00
4. One pair gray slacks .... 33.00
5. One pair blue slacks .... 16.00

$282.00"

The case on the facts was submitted to a jury on three special issues in answer to which the jury found that neither plaintiff nor any one acting for him received from the defendant the return of the clothes; that the defendant nor his agents were guilty of negligence in failing to return the clothes, and that the plaintiff had been damaged in the sum of $236.50. Upon motion of plaintiff the Court rendered judgment for him on the verdict, and from that judgment the defendant has prosecuted this appeal.

The defendant presents five points of error, in substance, that the Court erred in

refusing to render judgment for him when the jury found he was not guilty of negligence; that the petition was subject to his special exception that the petition nowhere alleges the cash market value of the property, nor any proper measure of damages; that the Court erred in admitting proof of the purchase price because not supported by the pleadings; no predicate was laid for the introduction of such testimony; and that the Court erred in refusing to set aside the judgment and grant him a new trial, since there was no evidence to support a jury finding for money damages.

 We are of the opinion none of the points can be sustained. It is admitted this suit involves a bailment for a consideration (for hire), or for the benefit of both parties. It is not denied but admitted in the testimony the clothing was received by the defendant. Plaintiff testified, and the jury found, he did not receive them back. This made a prima facie, or presumptive case, Trammell v. Whitlock, Tex., 242 S.W. 2d 157, loc. cit. 159 (3, 4). The explanation was the clothing was delivered to one named Miller, but as just stated the jury found it was not the plaintiff. This establishes a mis-delivery, for which defendant is liable though he be not negligent. Central Meat Market v. Longwell's Transfer, Inc., Tex.Com.App., 62 S.W.2d 87; McDonald v. Leonard Bros., Tex.Civ.App., 134 S.W.2d 460.

We think the petition clearly not subject to the exception as is disclosed by the quoted provision of the petition, supra. It is there alleged plaintiff was damaged and describes the several articles of apparel giving the amount of each item and totals it and then prays for the total amount as "the value of the lost, misplaced or converted goods."

 Plaintiff had pleaded the value of the lost articles of clothing, which were used or second hand. The market value of such articles is not the proper measure of damages, but the actual value or value to the owner is the proper measure, and the cost of such articles, the extent of their use, whether worn or out of date, their condition at the time of loss and all pertinent facts are admissible to determine their value, Pitmann v. Ft. Worth Warehouse & Storage Co., Tex.Civ.App., 258 S.W. 1105, loc. cit. 1108 (7-9).

and the cases there cited, and the market value need not be alleged.

 Plaintiff testified the values listed for each article of clothing was, in his judgment and recollection, the prices paid for them, and in all events very close thereto. He testified further most of the articles were recently purchased and none more than a year old; that all had been worn a few times, but were like new to him and could not be replaced for less than the cost. We think the testimony sufficient to sustain the judgment and verdict in the amount found and recovered.

The judgment of the trial court is affirmed.