A. J. FORD, Appellant,

v.

Jos. C. McWILLIAMS et al., Appellees.

No. 6458.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 17, 1955.

Tom Seay, Amarillo, for appellant.

Curtis Douglas and Don Cain, Pampa, for appellees.

MARTIN, Justice.

Appellant, A. J. Ford, as plaintiff in the trial court sued appellees, Jos. C. McWilliams, E. F. McWilliams and Mel Outhier, as defendants in the trial court seeking judgment for the value of appellant's automobile which was stolen from the premises of appellees after being delivered there for repair.

There was no dispute as to the facts in the cause. The parties stipulated that the automobile was stolen from appellees' premises and that the value of the same was $1,035. They further stipulated that appellant's car was towed into the garage owned by the appellees for repairs and that, after the making of such repairs, appellant's automobile was parked by one of appellees' employees on a vacant lot adjacent to appellees' garage with the keys left in the ignition switch or on the sun visor. There were two signs in appellees' garage which read "Not Responsible for Fire or Theft". But, it was not shown whether or not appellant had seen such signs. The lot where the car was parked with the keys therein was under appellees' control and used by them in the operation of their business and for parking new and used cars. Such cars were used for demonstration purposes and the keys were left in them. It was the usual and customary practice of appellees to drive cars from the repair shop and leave them parked on such lot with the keys either in the ignition switch or on the sun visor. The cars remained on this lot until called for by the owner. This was the customary practice of persons in the same or similar business in Pampa.

The trial court entered his findings of fact which merely reiterated the facts as stipulated by the parties. Following the making of his findings of fact, the trial court filed his conclusions of law as follows: "The Court finds as a matter of law

that the manner in which this automobile was handled by the defendants was not negligence". Under such findings of facts and conclusions of law, the trial court entered a judgment for appellees ruling that appellant take nothing by his suit. Appellant perfected an appeal from the trial court's judgment and assigns three points of error. The principle contention under such points of error is that the trial court erred in holding as a matter of law that the appellees were not negligent. The rulings herein made will dispose of appellant's points of error.

The first issue to be disposed of is the legal effect of appellees having two signs in their garage reading "Not Responsible in Case of Fire or Theft". Material to such issue is the fact that it was not shown whether or not appellant had seen such signs. As to those undisputed issues of fact, the law is with the appellant. "It has been held that a garage keeper, by posting a sign or notice in his place of business, cannot limit his liability for theft, fire, or negligence generally. Unless the bailor's attention is called to such a sign and he expressly or impliedly agrees to the provisions therein, he is not bound thereby". 61 C.J.S., Motor Vehicles, § 726c, p. 872; Langford v. Nevin, Tex.Civ.App., 293 S.W. 673 and Tex.Com.App., 117 Tex. 130, 298 S.W. 536; McAshan v. Cavitt, Tex.Civ. App., 227 S.W.2d 340, affirmed by Supreme Court, 149 Tex. 147, 229 S.W.2d 1016.

As ruled hereinabove, the mere posting of signs does not have the effect of limiting the liability of appellees for negligence with reference to the handling of appellant's automobile. Such ruling leaves for determination the sole issue of the trial court ruling as a matter of law that appellees were not negligent in leaving appellant's automobile parked unattended on a vacant lot with the keys in the ignition switch or on the sun visor. In the light of the authorities cited hereinabove under the stipulated facts as adopted by the trial court, the appellees were negligent as a matter of law. Such ruling is further supported by the rulings in Vollmer v. Stone-

leigh-Maple Terrace, Inc., Tex.Civ.App., 226 S.W.2d 926 (Writ Refused). Also see Ablon v. Hawker, Tex.Civ.App., 200 S.W.2d 265.

The three points of error assigned by appellant are sustained. The judgment of the trial court is reversed and judgment is rendered for appellant in the sum of $1,035.