Lewis CROWELL et al., Petitioners,

v.

HOUSING AUTHORITY OF the CITY OF DALLAS, Respondent.

No. B–3597.

Supreme Court of Texas.

June 6, 1973.

Rehearing Denied July 11, 1973.

---

Bean, Francis, Ford, Francis & Wills, Gerald W. Livingston and James E. Brown, Charles L. Caperton, Dallas, for petitioners.

Strasburger, Price, Kelton, Martin & Unis, Royal H. Brin, Jr., Eugene Jerico and H. Norman Kinzy, Dallas, for respondent.

WALKER, Justice.

Lewis Crowell et al, petitioners, instituted this suit against Housing Authority of the City of Dallas, respondent. The suit was brought under the survival statute, Art. 5525, Vernon's Ann.Tex.St., to recover for medical expenses incurred and physical and mental pain suffered by petitioners' father, who was alleged to have died as a result of carbon monoxide poisoning caused by a defective gas heater in an apartment leased by him from respondent. The trial court granted respondent's motion for summary judgment, and the Court of Civil Appeals affirmed. 483 S. W.2d 864. We reverse the judgments of the courts below and remand the cause to the district court for trial.

Petitioners alleged that respondent had exclusive responsibility for maintenance and repair of the gas heater, and no attempt has been made to show that the heater was in proper condition or that respondent was not negligent. The summary judgment in respondent's favor is based on the following provision of the lease between respondent and the decedent:

. . . nor shall the Landlord nor any of its representatives or employees be liable for any damage to person or

property of the Tenant, his family, or his visitors, which might result from the condition of these or other premises of the Landlord, from theft or from any cause whatsoever.

■ A somewhat similar provision was upheld in Manius v. Housing Authority of City of Pittsburg, 350 Pa. 512, 39 A.2d 614. The courts of two other jurisdictions concluded that it is contrary to public policy to allow a housing authority to exempt itself by contract from liability to its own tenants for negligence in the performance of its duty to provide safe and sanitary housing for persons of low income. Thomas v. Housing Authority of City of Bremerton, 71 Wash.2d 69, 426 P.2d 836; Housing Authority of Birmingham Dist. v. Morris, 244 Ala. 557, 14 So.2d 527. We approve and adopt the latter view.

■ Agreements exempting a party from future liability for negligence are generally recognized as valid and effective except where, because of the relationship of the parties, the exculpatory provision is contrary to public policy or the public interest. If the contract is between private persons who bargain from positions of substantially equal strength, the agreement is ordinarily enforced by the courts. The exculpatory agreement will be declared void, however, where one party is at such disadvantage in bargaining power that he is practically compelled to submit to the stipulation. It is generally held, for example, that a contract exempting an employer from all liability for negligent injury of his employees in the course of their employment is void as against public policy. The same rule applies to agreements exempting public utilities from liability for negligence in the performance of their duty of public service. See Lone Star Gas Co. v. Veal, Tex.Civ.App., 378 S.W.2d 89

(wr. ref. n. r. e.); Restatement, Contracts, §§ 574, 575; 57 Am.Jur.2d, Negligence, § 20 et seq.

The rules applicable to public utilities have been applied by some courts to innkeepers and public warehousemen. According to Professor Prosser, there is a definite tendency to extend the same rules to other professional bailees such as garagemen and owners of parking lots and parcel checkrooms. These bailees are under no public duty, but they deal with the public and the indispensable need for their services deprives the customer of any real bargaining power. See Prosser, The Law of Torts, 3rd ed. 1964, § 67.

■ The same considerations lead us to the conclusion that the exculpatory agreement in the present case is contrary to public policy. Respondent is a public body organized for the declared public purpose, among others, of providing safe and sanitary dwelling accommodations to persons of low income. It may lease accommodations only to families or persons who lack sufficient income to enable them, without financial assistance, to live in decent, safe and sanitary dwellings without overcrowding. See Art. 1269k, V.A.T.S. As pointed out by the court in *Thomas*, the situation of respondent and its tenants presents a classic example of unequal bargaining power. The terms of the contract are dictated by respondent, and a prospective tenant has no choice but to accept them if he and his family are to enjoy decent housing accommodations not otherwise available to them. We hold that the exculpatory provision quoted above is contrary to public policy and void in so far as it purports to affect respondent's liability in the present case.

The judgments of the courts below are reversed, and the cause is remanded to the district court.