**ALLRIGHT, INC., Appellant,**

v.

**Roy Lee ELLEDGE, Jr., Appellee.**

**No. B–4734.**

Supreme Court of Texas.

July 24, 1974.

 

Tipton & Bishop, George M. Bishop and W. Timothy Lewis, Houston, for appellant.

Chilton Bryan, Lowell T. Cage, Houston, for appellee.

ON CERTIFIED QUESTION

REAVLEY, Justice.

The following question has been certified to the Supreme Court pursuant to Rules 461 and 465, Texas Rules of Civil Procedure:

> Is a written agreement, entered into by a parking lot owner and an individual parking in a parking facility on a month-to-month basis, which agreement limits the parking lot owner's liability to a maximum of $100.00 for loss to the bailed automobile due to theft occasioned by the ordinary negligence of the parking lot owner, void as against public policy?

■ Parties may agree to limit the liability of one for future negligence unless the agreement violates the constitution or statutes or public policy. Anno: Limiting Liability for Own Negligence, 175 A.L.R. 8 (1948). There is no impediment in the Texas Constitution or statutes preventing bailees generally from limiting their liability. The Legislature has enabled warehousemen and common carriers to limit liability to a stated value of the property. V.T.C.A., Bus. & Comm.Co., § 7.204(b) and 7.309(b); but see Art. 883, Vernon's Ann. Civ.St.

■ In determining whether a contractual agreement limiting liability is against public policy we look to the relationship between the parties. If because of this relationship there exists a disparity of bargaining power, the agreement will not be enforced. Crowell v. Dallas Housing Authority, 495 S.W.2d 887 (Tex.1973). A disparity of bargaining power exists when one party has no real choice in accepting an agreement limiting the liability of the other party. In *Crowell* a public body organized for the declared public purpose of providing safe and sanitary dwelling accommodations to persons of low income sought to limit its liability for damages resulting from theft, conditions on the prem-

ises, or from any other cause. Persons of low income had no real choice but to accept this limitation in order to secure safe and sanitary dwelling accommodations. This presented a classic example of disparity of bargaining power and the agreement was held to be contrary to public policy.

 . A parking lot owner who is a bailee for hire owes the duty of ordinary care to protect the bailor's automobile from theft. McAshan v. Cavitt, 149 Tex. 147, 229 S.W.2d 1016 (1950); Vollmer v. Stoneleigh-Maple Terrace, Inc., 226 S.W.2d 926 (Tex.Civ.App.1950, writ ref'd). The prior Texas cases dealing with the limitation of liability by parking lots have presented attempts to impose the limitation by posting notice on the wall or by print on the claim check. It has been decided that limitations of liability must be called to the attention of the bailor before they may become part of the bailment contract. McAshan v. Cavitt, supra; Ford v. McWilliams, 278 S.W.2d 338 (Tex.Civ.App. 1955, no writ). Munger Automobile Co. v. American Lloyds of Dallas, 267 S.W. 304 (Tex.Civ.App.1924, no writ). Furthermore, these provisions are strictly construed against the bailee. Langford v. Nevin, 117 Tex. 130, 298 S.W. 536 (1927); McAshan v. Cavitt, supra; Timmins v. Schroeder, 26 S.W.2d 664 (Tex.Civ.App. 1930, no writ).

This Court in the *Crowell* opinion referred to some support for the nullification of attempts to limit liability by professional bailees such as garagemen and owners of parking lots and parcel checkrooms. The basis given by the courts and writers for reaching this result is that the indispensable need for these services deprives the customer of any real bargaining power. Prosser, The Law of Torts, 4th ed. 1971, § 68; 14 Blashfield Auto Law, § 478.10 (3rd ed. 1969); Anno: Liability for Loss of or Damage to Automobile Left in Parking Lot or Garage, 7 A.L.R.3d 927, 938 (1966). The Court of Civil Appeals has held that the "customer of a public parking garage is at such a disadvantage in bargaining power that he would be practically compelled to accept limited liability." 508 S. W.2d 864, 869. That is not necessarily true. Nothing in the certified question and no fact cited in the opinion of the Court of Civil Appeals would give any hint of the absence of bargaining power unless it is the very occupation of the garageman or parking lot owner. We do not know the occupation to command so dominant a position.

The certified question specifies that the limitation of liability is in "a written agreement entered into" by the owner of the parking lot and the owner of the automobile. If the written agreement is signed by the bailor, and if there is no circumstance that would deprive him of a freedom of choice—which are the facts of the case before the Court of Civil Appeals—we see no satisfactory cause for avoiding the terms of the contract. With that understanding of the inquiry, we answer the question: No.