

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 29, 1977

Honorable Mack Wallace, Chairman
Railroad Commission of Texas
P. O. Drawer 12967
Austin, Texas 78711

Opinion No. H- 1030

Re: Authority of Railroad
Commission to prohibit con-
tract provisions limiting
the liability of an LPG
dealer.

Dear Mr. Wallace:

You have requested our opinion concerning the authority
of the Railroad Commission to modify, delete, prohibit, or
otherwise regulate the terms and conditions of an equipment
rental contract between a licensed Liquified Petroleum Gas
(LPG) dealer and a lessee customer. You specifically ask
about such contract terms which purport to limit the liability
of a licensed LPG dealer for negligence.

Section 3A of article 6066d, V.T.C.S., provides:

> General. The Railroad Commission of
> Texas is hereby authorized, empowered,
> and directed, and it shall be its duty
> to promulgate and adopt, in accordance
> with this Act, adequate rules, regula-
> tions, and/or standards pertaining to
> any and all aspects or phases of the
> LPG industry (except as provided in Sub-
> section D. of this Section) which will
> protect or tend to protect the health,
> welfare, and safety of the general public.

The Commission is granted jurisdiction to regulate "any and
all aspects or phases of the LPG industry" in the interest of
public health, welfare, or safety. Thus the Commission may
regulate terms and conditions of such rental contracts at
least to the extent that they may affect the public health,
welfare or safety.

It has been suggested to us that the court's opinion in Spence & Howe Construction Co. v. Gulf Oil Corp., 365 S.W.2d 631 (Tex. 1963), indicates that there is no connection between clauses which limit liability and negligent conduct. However, as we read the decision, the court was merely stating that the connection was insufficient to mandate a general rule of public policy which would preclude the enforceability of such provisions in all instances.  While the court noted the lack of any distinction between indemnity clauses in a commercial contract and common insurance policies on behalf of private citizens, the opinion falls short of finding that there is no connection between indemnity clauses and negligent conduct.  The courts found such a connection in G., C. & S. F. Ry. v. McGown, 65 Tex. 640 (1886), and Bisso v. Inland Waterways Corp., 349 U.S. 85 (1955).  Furthermore, as in Allright, Inc. v. Elledge, 515 S.W.2d 266 (Tex. 1974), the court in Spence was dealing with a standard of ordinary care.

As stated in Robert R. Walker, Inc. v. Burgdorf, 244 S.W.2d 506, 509 (Tex. 1951):

> From those who handle . . . combustible
> gases . . . the law exacts a duty to pro-
> tect the public which is proportionate
> to and commensurate with the damages in-
> volved.

Thus, LPG dealers are bound to exercise a "high degree of care" to protect the public.  Farmers Butane Gas Co., Inc. v. Walker, 489 S.W.2d 949 (Tex. Civ. App. - Waco 1973, no writ). The protection of the public is the clear intent behind article 6066d.

Since, in our view, the use of equipment rental contract terms which limit the liability of LPG dealers for negligence or provide for indemnification thereof by their customers could have an adverse affect upon the public safety in light of the standard of care required of LPG dealers, we believe the Railroad Commission has clear authority to regulate or prohibit such terms.

We believe these indemnification clauses are void and unenforceable as a matter of law since LPG dealers are charged with a duty of safety on behalf of the public and the term relates to negligence in the performance of this duty to the public.  Western Union Telegraph Co. v. Linn, 26 S.W. 490

(Tex. 1894); G., C. & S. F. Ry. Co. v. McGown, supra; Lone Star Gas Co. v. Veal, 378 S.W.2d 89 (Tex. Civ. App. -- Eastland 1964, writ ref'd n.r.e.); Dittman v. City of New Braunfels, 48 S.W. 1114 (Tex. Civ. App. 1899, no writ); Restatement of Contracts § 575, cited in Spence & Howe Construction Co. v. Gulf Oil Corp., supra at 633, and Crowell v. Housing Authority of City of Dallas, 495 S.W.2d 887, 889 (Tex. 1973); Bishop v. Act-O-Lane Gas Service Co., 85 S.E.2d 169 (Ga. Ct. App. -- 1954); see Tex. Bus. & Comm. Code, § 2.719; Northwest Airlines, Inc. v. Alaska Airlines, Inc., 351 F.2d 253 (9th Cir. 1965); Tunkl v. Regents of the University of California, 383 P.2d 441 (Calif. 1963); Haynes v. County of Missoula, 517 P.2d 370 (Mont. 1973).

Furthermore, the terms of contracts executed subject to the regulatory authority of the Railroad Commission are not protected from the jurisdiction of the Commission by article 1, section 16. Houston Lighting & Power Co. v. Railroad Commission of Texas, 529 S.W.2d 763 (Tex. 1975); Crystal City v. Lo-Vaca Gathering Co., 535 S.W.2d 722 (Tex. Civ. App. -- El Paso 1976, writ ref'd n.r.e.); Railroad Commission of Texas v. Permian Basin Pipeline Co., 302 S.W.2d 238 (Tex. Civ. App. -- Austin 1957, writ ref'd n.r.e.), app. dism'd, 358 U.S. 37 (1958); City of Wink v. Wink Gas Co., 115 S.W.2d 973 (Tex. Civ. App. -- El Paso 1938, writ ref'd); State v. Lone Star Gas Co., 86 S.W.2d 484 (Tex. Civ. App. -- Austin 1935, writ ref'd), rev'd on other grounds, 304 U.S. 224 (1938). See Letter Advisory No. 136 (1977).

## S U M M A R Y

The Railroad Commission may act to prohibit the use of indemnity terms within existing and future equipment rental contracts between a licensed LPG dealer and its lessee.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

Honorable Mack Wallace - Page 4 (H-1030)

C. ROBERT HEATH, Chairman
Opinion Committee

klw