**FEDERATED DEPARTMENT STORES, INC., Appellant,**

v.

**HOUSTON LIGHTING & POWER CO., Appellee.**

**No. 01–82–0141–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 30, 1982.

Rehearing Denied Dec. 23, 1982.

James Arnold, Houston, for appellant.

David Lacey, Houston, for appellee.

Before EVANS, C.J., and DYESS and STILLEY, JJ.

### OPINION

DYESS, Justice.

The appellant, Federated Department Stores, Inc. (Federated), brought this suit in the trial court seeking recovery of loss of profits caused by interruption of electrical service provided by appellee, Houston Lighting & Power Co. (H L & P), to one of its stores. The interruption lasted for several hours on two separate days. The suit was based on a written contract between the two parties whereby the appellee warranted that it would "make reasonable provisions to supply steady and continuous electric service" without guaranteeing "the electric service against fluctuations or interruptions."

The appellee moved for summary judgment, presenting with its motion a limitation clause in the contract in which the appellee limited its liability to ". . . the cost of necessary repairs of physical damage proximately caused by the service failure. . . ." The appellant responded by claiming that the limitation clause is "unreasonable and void as a matter of public policy because of the inequality of bargaining power. . . ." between the two parties. In support of its position, it cited two court decisions stating that the question of the reasonableness of a limitation clause is a question for the jury.

The trial judge granted the summary judgment motion and it is from this ruling that the appellant appeals. We affirm the judgment.

The two parties involved are Federated Department Stores, Inc., which owns the Foley Stores in Houston, and Houston Lighting & Power Co. On October 24, 1975 the two entered into a contract by which H L & P agreed to extend electrical service to Federated's Foley store in Memorial City Shopping Center. H L & P agreed, among other things, that it would "make reasonable provisions to supply steady and continuous electric." It did not guarantee, however, that the service would be without fluctuations or interruptions. It also disclaimed liability for any damages occasioned by fluctuations or interruptions unless it was shown that it had not made reasonable provisions to supply steady and continuous electric service. Even if it were shown not to have made reasonable provisions, it limited its liability to the cost of necessary repairs of physical damage proximately caused by the service failure.

On April 15 and April 17 of 1976, Federated's store in Memorial City Shopping Center experienced power failures lasting several hours. The appellant claims to have incurred $31,562.00 in lost profits because of the power failures.

The central question in this suit is the validity of the limitation clause in the H L & P contract. The appellee maintains that the appellant did not sufficiently raise the validity of the limitation clause because it presented no evidence indicating that this particular clause was void by virtue of any

alleged unequal bargaining position between the two parties. According to the appellant, the claim of unequal bargaining position has been raised and proven. As noted earlier, we affirm the judgment because the appellant presented no evidence to raise a fact issue regarding unequal bargaining position.

■ A defending party is entitled to prevail on a motion for summary judgment if the party establishes, as a matter of law, that no genuine issue of material fact exists with respect to one or more essential elements of the plaintiff's cause of action. *Cloys v. Turbin,* 608 S.W.2d 697, 699 (Tex. Civ.App.—Dallas 1980, no writ); *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970).

The plaintiff's cause of action in this suit was based on a contract entered between the two parties in which H L & P promised to provide Federated with steady and continuous electric service without guaranteeing against fluctuation or interruptions. Damages were based on lost profits. In response to this claim, H L & P offered proof that it had limited its liability to "the cost of necessary repairs of physical damage proximately caused by the service failure to those electrical facilities of [Federated] which were then equipped with proper protective safeguards...." The liability arose if H L & P was found not to have made reasonable provisions to supply a steady stream of electricity.

■ Since Federated brought suit under the contract, the terms of the contract determine the relative positions of the parties and control the level of liability of either party. The contractual limitations of liability constitute a prima facie defense to Federated's claim.

■ Once a movant-defendant has negated, as a matter of law, an element of the plaintiff's cause of action, as has H L & P, the non-movant is presented with the burden of introducing evidence that raises an issue of fact with respect to the element negated by the movant's summary judgment evidence. 608 S.W.2d at 700. The

evidence presented by the non-movant must, of course, be of probative force. *Woolhouse v. Tolchin Instruments, Inc.,* 601 S.W.2d 106 (Tex.Civ.App.—Dallas 1980, no writ). Federated responds to H L & P's reliance on the contract as a shield to the suit by claiming that the clause limiting H L & P's liability is void as contrary to public policy. According to Federated, the two companies were in an unequal bargaining position when they entered into the agreement because of H L & P's position as a public utility. Federated did not, however, present any probative evidence of unequal bargaining position. The only "evidence" presented by Federated were several cases Federated interprets as stating that the trier of fact must determine whether or not a limiting clause is void as contrary to public policy. *Southwestern Bell Telephone Co. v. Reeves,* 578 S.W.2d 795 (Tex.Civ.App.— Houston [1st Dist.] 1979, writ ref'd n.r.e.); *Southwestern Bell Telephone Co. v. Nash,* 586 S.W.2d 647, (Tex.Civ.App.—Austin 1979, no writ). Federated's stance, in light of these two cases, is that the question of the unreasonableness of a clause is a fact issue that must always be presented to the trier of facts when a public utility is involved.

We disagree. In *Allright, Inc. v. Elledge,* 515 S.W.2d 266 (Tex.1974), our Supreme Court explained that one must look to the relationship between the parties to determine whether a contractual agreement limiting liability is against public policy. If a disparity of bargaining power exists because of the parties' relationship, the agreement will not be enforced. A disparity of bargaining power exists when one party has no real choice in accepting the agreement limiting the liability of the other party. The question certified to the court in *Allright,* supra, was whether an agreement, entered into by a parking lot owner in downtown Houston and an individual parking on the lot on a month-to-month basis, which limited the parking lot owner's liability to loss caused by theft occasioned by negligence of the parking lot owner was void as against public policy. *Id.* at 267. This court had concluded that the agree-

ment was void because the "customer of a public parking garage is at such a disadvantage in bargaining power that he would be practically compelled to accept limited liability." 508 S.W.2d 864, 869 (Tex.Civ.App.—Houston [1st Dist.] 1974). The Supreme Court disagreed saying,

> Nothing in the certified question and no fact cited in the opinion of the Court of Civil Appeals would give any hint of the absence of bargaining power unless it is the very occupation of the garageman or lot owner. We do not know the occupation to command so dominant a position.

It is obvious from the above that one claiming disparity of bargaining must present evidence to raise a fact issue concerning the claim, unless the very occupation or position of one of the parties is evidence of such fact. See also, *Porter v. Lumbermen's Investment Corp.,* 606 S.W.2d 715, 717 (Tex. Civ.App.—Austin 1980, no writ).

*Crowell v. Housing Authority of the City of Dallas,* 495 S.W.2d 887 (Tex.1973) involved such a situation. Crowell, who lived in a housing project run by the Dallas Houston Authority, brought suit against the Authority to recover medical expenses incurred and physical and mental pain suffered by his father, who died from carbon monoxide poisoning caused by a defective heater. According to the Supreme Court, *Crowell* presented the classic example of unequal bargaining power because it pitted a public body, organized to provide safe and sanitary dwellings to people of low income, against persons lacking sufficient income to enable them, without financial assistance, to live in decent, safe and sanitary dwellings. 495 S.W.2d at 889.

Having been furnished no evidence of unequal bargaining power, we are not convinced that Federated, which owns the Foley Department Stores, is in the same position vis-a-vis H L & P as Crowell and his father were with the Dallas Housing Authority. We are not unmindful of the cases cited by the appellant. We are of the opinion that our conclusion is consistent with them. *Porter,* supra.

The appellant did not meet its burden of introducing probative evidence of a fact issue. The judgment is affirmed.