**Miguel F. GARCIA, and wife, Angelina Z. Garcia, Appellants,**

v.

**Santos R. FABELA, Jr., and wife, Guadalupe C. Fabela, Appellees.**

**No. 04–83–00202–CV.**

Court of Appeals of Texas, San Antonio.

June 6, 1984.

Richard Sommer, San Antonio, for appellants.

Ronald M. Schmidt, San Antonio, for appellees.

Before BUTTS, REEVES and TIJERINA, JJ.

### OPINION

TIJERINA, Justice.

This is an appeal from a take-nothing summary judgment rendered in favor of appellees (hereinafter referred to as the Fabelas) against appellants (hereinafter referred to as the Garcia). The Garcias brought suit to impress an equitable trust upon their home, and alternatively for damages, based upon the Fabelas' refusal to reconvey the real property under an oral agreement. The Fabelas moved for summary judgment contending that the oral contract is barred by the Statute of Frauds.[1] We reverse and remand.

The Fabelas' motion for summary judgment was directed solely to the Garci-

---

1. TEX.BUS. & COM.CODE ANN. § 26.01 (Vernon Supp.1984).

as' petition and was not supported by affidavits, depositions or other summary judgment evidence. Accordingly, for the purposes of the motion, the factual allegations of the petition are admitted as true. *Wood Truck Leasing, Inc. v. American Automobile Insurance Co.*, 526 S.W.2d 223, 224–25 (Tex.Civ.App.—San Antonio 1975, no writ); 4 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 17.26.8(i) (rev.1981).

The allegations of the petition in summary are as follows:

In September of 1981 the Garcias were the fee simple owners of their homestead located in Bexar County, Texas. The real estate was encumbered by a vendor's lien and deed of trust to secure payment of a promissory note in the original amount of $11,500.00. The Garcias fell into default, the vendors elected to accelerate and foreclose. The Garcias attempted to refinance the indebtedness with the Union State Bank but were rejected. After the bank rejected their loan application, the Fabelas offered to help the Garcias avoid the impending foreclosure sale of their homestead.

The Garcias further allege in their petition that the Fabelas offered to take legal title in the real estate in trust for the Garcias and to hold title as trustees until the outstanding balance due was paid and discharged in full. The Fabelas agreed to use their superior credit rating to obtain funds to discharge the outstanding note and to refinance it with a new note. Pursuant to this understanding, the Garcias executed a general warranty deed to the Fabelas, who in turn executed a deed of trust. The Fabelas agreed to retain legal title in trust for the Garcias until the new note was paid, whereupon fee simple title would be reconveyed. The Fabelas further agreed to pay the property taxes and the installments due on the new note which was assigned by the Garcias to the Union State Bank. Further allegations are that the Garcias entered into this transaction and executed the warranty deed in reliance upon the agreements of the Fabelas. The Garcias aver they held and stood in a fiduciary and confidential relationship with the Fabelas since the Garcias had continuously known and trusted the Fabelas as close friends and personal confidants for a period of approximately twenty years prior to the transaction made the basis of the instant suit.

In October of 1982, the Fabelas advised the Garcias that they no longer owned any interest in the real property and that no trust agreement existed between them.

■ Appellants bring seven interrelated points of error contending that the trial court erred in granting summary judgment. Basically, appellants contend that the statute of frauds does not defeat their equitable action for breach of an oral contract to reconvey title because a confidential relationship existed between the parties. We agree.

■ Ordinarily a parol agreement between a grantor and a grantee that the property conveyed shall be held in trust for the grantor or some other person, is an express trust which cannot be enforced where the Statute of Frauds requires a written instrument to create a trust. *Mills v. Gray*, 147 Tex. 33, 210 S.W.2d 985, 988 (1948). That rule, however, has its exceptions.

In *Mills v. Gray*, the supreme court cited with approval the view of the Restatement of Trusts, section 44, that:

(1) Where the owner of an interest in land transfers it inter vivos to another in trust for the transferor, but no memorandum properly evidencing the intention to create a trust is signed, and the transferee refuses to perform the trust, the transferee holds the interest upon a constructive trust for the transferor, if

(a) the transfer was procured by fraud, duress, undue influence or mistake, or

(b) the transferee at the time of the transfer was in a confidential relation to the transferor, ...

*Id.* at 988. The supreme court further clarified the law applicable to such agreements to reconvey:

A constructive trust arises where a conveyance is induced on the agreement of a fiduciary or confident to hold in trust for a reconveyance or other purpose, where the fiduciary or confidential relationship is one upon which the grantor justifiably can and does rely and where the agreement is breached, since the breach of the agreement is an abuse of the confidence, and it is not necessary to establish such a trust to show fraud or intent not to perform the agreement when it was made. The tendency of the courts is to construe the term 'confidence' or 'confidential relationship' liberally in favor of the confider and against the confidant, for the purpose of raising a constructive trust on a violation or betrayal thereof.

*Id., citing,* 54 AM.JUR., *Trusts* § 233. The court further cited with approval the following:

There are numerous cases to the effect that where at the time of the transfer the transferee was in a confidential relation to the transferor, and the transferor relied upon his oral promise to reconvey the land, he is chargeable as constructive trustee of the land for the transferor. In these cases it is held that the constructive trust will be imposed even though at the time when he acquired the property the transferee intended to perform his promise and was not therefore guilty of fraud in acquiring it; and even though the transferee did not take improper advantage of the confidential relation in procuring the transfer and was not therefore guilty of using undue influence. The abuse of the confidential relation in these cases consists merely in his failure to perform his promise.

*Id., citing,* 1 Scott on Trusts § 44.2. In further support of its position the court stated:

Fraud sufficient to raise a constructive trust from an oral promise made by the grantee to his grantor is not necessarily limited to actual fraud. As the earlier annotations indicate, the breach of a confidential relationship existing between the grantor and the grantee frequently is considered to be such constructive fraud as will give rise to a constructive trust.

*Id.* at 988–89, *citing* Annot., 159 A.L.R. 997, 1007 (1945). The court then held that under these principles, if the purported agreement had been established as true, a constructive trust would have arisen by reason of the confidential relation between the parties which would not fall within the prohibition of the Statute of Frauds or the Texas Trust Act. *Id.* at 989.

■ Appellees first argue that the cases on constructive trust involved family members with close ties, or cases where a fiduciary or business relationship existed. This argument misconstrues the relationship required for the imposition of equitable relief in the form of a constructive trust.

In *Fitz-Gerald v. Hull,* 150 Tex. 39, 237 S.W.2d 256 (1951), the supreme court stated:

While a confidential or fiduciary relationship does not in itself give rise to a constructive trust, an abuse of confidence rendering the acquisition or retention of property by one person unconscionable against another suffices generally to ground equitable relief in the form of the declaration and enforcement of a constructive trust, *and the courts are careful not to limit the rule or the scope of its application by a narrow definition of fiduciary or confidential relationships protected by it. An abuse of confidence within the rule may be an abuse of either a technical fiduciary relationship or of an informal relationship where one person trusts in and relies upon another, whether the relation is a moral, social, domestic, or merely personal one.* [Emphasis by supreme court.]

*Id.* at 261, *citing,* 54 AM.JUR., *Trusts* § 225. The court further stated:

The abuse of a confidential relationship by acquiring property through the employment of knowledge or interest obtained in such relationship constitutes a

sufficient basis for equitable relief in the form of the declaration and enforcement of a constructive trust in respect of such property and in favor of the person wronged. The relationships of trustee and cestui que trust, principal and agent, client and attorney, and employer and employee, are striking, *but far from exclusive, examples of confidential relationships within the meaning of this rule.* * * * [Emphasis by supreme court.]

*Id., citing,* 54 AM.JUR., *Trusts* § 226. The court went further:

*The general rule is that a purchase, upon his own account or for his own benefit, by a fiduciary or confidant, of the property constituting the subject matter of the confidence or fiduciary relationship, in violation of the trust or confidence reposed in him, raises a constructive trust in favor of his principal or confider.* The rule is not confined to a particular class of persons, such as guardians, trustee, or solicitors, but is a rule of universal application to all persons coming within its principle. The principle of the rule is that no party can be permitted to purchase an interest where he has a duty to perform which is inconsistent with the character of a purchaser. * * * [Emphasis by supreme court.]

*Id., citing,* 54 AM.JUR., *Trusts* § 228.

A case with facts similar to the instant case is *Tuck v. Miller,* 483 S.W.2d 898 (Tex.Civ.App.—Austin 1972, writ ref'd n.r. e.), where the Austin Court affirmed a judgment which impressed a constructive trust on real estate for the purpose of enforcing an oral agreement. The jury in *Tuck* found that a confidential relationship existed between Mrs. Miller and Tuck prior to her conveyance of her farm to Tuck and that the land was deeded to Tuck pursuant to an agreement that he would take title for the purpose of obtaining a loan on the land. *Id.* at 900. Tuck had known Mrs.

Miller for approximately fifteen years, had socialized in the same circles but they were not "real close, close friends." The court rejected Tuck's argument that his friendship was not sufficiently close to create a confidential relationship by stating:

The term includes 'informal relationships, such as moral, social, domestic, or merely personal ones, where one person trusts in and relies upon another ....'

*Id.* at 906, *citing, Fitz-Gerald v. Hull,* 237 S.W.2d at 261.

Appellees next contend that the Garcias failed to meet their burden of proof at the motion for summary judgment hearing. Appellees argue that under TEX.R.CIV.P. 166–A the burden of proof is on the movant to show a complete affirmative defense to the non-movant's cause of action. Appellees then argue that, once the movant has met this burden and negated an element of non-movant's cause of action, the non-movant must meet its burden of introducing evidence that raises an issue of fact with respect to the element negated by movant, *citing, Federated Apartment Stores, Inc. v. Houston Power & Lighting Co.,* 646 S.W.2d 509 (Tex.App.—Houston [1st Dist.] 1982, no writ). This argument is without merit.

 It is error for the trial court to place the burden of proof at the summary judgment hearing upon the non-movant. *Missouri-Kansas-Texas Railroad Co. v. City of Dallas,* 623 S.W.2d 296, 297–98 (Tex.1981). The Fabelas, the summary judgment movants, had the burden to "establish [their] entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of [their] ... defense as a matter of law." *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). Their argument that the burden was on the Garcias is without merit for the presumptions and burden of proof[2]

2. Regarding the proper burden of proof the supreme court has stated:

An unfair transaction between a confider and a confidant or fiduciary, at least where the confidence is induced by a fiduciary relationship between the parties, gives rise to a constructive trust in respect of any unjust enrichment of the confidant or fiduciary. Where

for an ordinary or conventional trial are immaterial to the burden that a movant for summary judgment must bear. *City of Dallas,* 623 S.W.2d at 298. The correct rule is that the movants, the Fabelas, had to show that they were "entitled to judgment as a matter of law." TEX.R.CIV.P. 166–A.

 This the Fabelas failed to show. The factual allegations of the Garcias' petition, for the purpose of the summary judgment motion, are admitted as true, to which the Fabelas concede in their motion and brief. Included in those factual allegations is the following:

> Plaintiffs entered into the above described transactions and executed the said warranty deed in reliance upon the aforesaid promises and agreements of defendants. Plaintiffs moreover held and stood in a *fiduciary and confidential relationship* with Defendants inasmuch as Plaintiffs had *continuously know* [sic] and *trusted said Defendants as close friends and personal confidants for a period of approximately twenty years* prior to said transactions. [Emphasis added.]

It is well settled that in cases of this nature it is a question of fact as to whether a confidential relationship existed as a predicate for the imposition of a constructive trust and that whether facts existed which would create a confidential relationship for the jury to decide. *Tuck v. Miller,* 483 S.W.2d at 905 (and citations therein). These allegations raised an issue of fact for which summary judgment was not proper. *See Fitz-Gerald v. Hull,* 237 S.W.2d at 261–62; *Mills v. Gray,* 210 S.W.2d at 988–89; *Tuck v. Miller,* 483 S.W.2d at 904–05. The trial court, therefore, erred in rendering summary judgment in favor of the Fabelas. Point of error one is sustained.

The disposition of point of error one obviates the necessity to discuss the remaining six points.

The judgment of the trial court is reversed and the cause remanded.

such a transaction is attacked, the burden of proof is on the confidant or fiduciary to establish the fairness of the transaction, and to this end he must fully disclose the facts and circumstances, and affirmatively show his good faith and the absence of pressure or influence on his part in the matter. However, it is not every relationship to which the term 'fiduciary' or 'confidential' can be applied with reason or plausibility, so as to raise a presumption of unfair dealings between the parties to the relationship. It is a question of the actual relationship between the parties that must be inquired into, and not whether the terms 'fiduciary,' 'confidential,' or 'trust' can, with some degree of reason, be applied to the relationship.

*Fitz-Gerald v. Hull,* 237 S.W.2d at 261, *citing,* 54 AM.JUR., *Trusts* § 227.