United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 12, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————————

No. 03-51188
Summary Calendar

———————————————

In The Matter Of: DONALD E. GHIDONI

Debtor

———————————————

DONALD E. GHIDONI,

Appellant,

versus

JOHNNY W. THOMAS, Trustee,

Appellee.

———————————————————————

Appeal from the United States District Court
For the Western District of Texas
(No. SA-03-CV-647)

———————————————————————

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

———————————

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

Appellant Donald E. Ghidoni ("Ghidoni") appeals the district court's affirmance of the bankruptcy court's ruling that the Agreed Order between the parties released Hill County S.A., Ltd. ("HCSA"), Bexar Metropolitan Water District ("Bexar"), and Trustee Johnny W. Thomas ("Thomas") from all liability, including prospective liability, arising out of the bankruptcy proceedings, in exchange for $10,000.00. We affirm in part, and reverse and remand in part.

## I. FACTS AND PROCEEDINGS

During the course of a bankruptcy proceeding, Ghidoni, the debtor, entered into an Agreed Order with Thomas, the trustee, and the sole creditor Bexar. Bexar was the assignee of HCSA's claim. The October 24, 2002 Agreed Order first provided that HCSA and Bexar "have agreed to accept, in full and final satisfaction of both the Secured Claim and the Administrative Expense Claim, the total sum of $493,500.00."[1] Apparently in return for this satisfaction, "Donald E. Ghidoni has agreed *to release all parties* hereto from such claims as he may have *arising out of* the actions or conduct of those parties and/or their counsel *arising in this proceeding*." (emphases added).

Pursuant to this Agreed Order the bankruptcy court entered an "Order Granting Trustee's Motion to Approve Final Settlement with Internal Revenue Service and Payment of Other Expenses of the Estate" that stipulated:

---

[1] In a footnote to this provision of the Agreed Order the parties further agreed that
> [t]o the extent that the capital gains tax liability of the Estate is reduced by the Internal Revenue Service to an amount that results in funds available for distribution by the Estate, the funds shall be used first to pay the Secured Claim of Hill Country S.A., Ltd. Up to the amount of $513,000.00. Any funds thereafter available shall be used to pay any allowed but unpaid expenses of administration and thereafter shall be payable to the Debtor, Donald E. Ghidoni.

Although this footnote was in contention at the district court, the parties have not appealed the court's ruling on this matter. The footnote is not relevant to this portion of the appeal.

2

Donald E. Ghidoni, for the consideration of $10,000.00, to be distributed by the Trustee, is deemed, upon payment by the Trustee of $10,000.00, t o have fully and finally released Johnny W. Thomas, individually[2]　　　and in his capacity as Trustee for the Estate of Donald E. Ghidoni, Morgan & Luttrell, L.L.P., Hill County S.A., Ltd. and Bexar Metropolitan Water District of and from *any and all claims, or causes of action of whatever kind or nature* which Mr. Ghidoni may have, *whether known or unknown, which have arisen or which may arise hereafter from or as a result of the pendency of the instant bankruptcy proceeding*.

(emphases added).  This April 2, 2003 order ostensibly enforced the October 24, 2002 Agreed Order.

## II.  STANDARD OF REVIEW

"We review the decision of the district court by applying the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court." *In re Crowell*, 138 F.3d 1031, 1033 (5th Cir. 1998).  Findings of fact by the bankruptcy court are reviewed for clear error, while conclusions of law are reviewed *de novo*.  *In re Howe*, 913 F.2d 1138, 1142 n.1 (5th Cir. 1990).

## III.  DISCUSSION

Ghidoni argues t hat he could not have released Thomas, HCSA and Bexar from future liability.  In point of fact, however, "[p]arties may contract to release future liability unless the agreement is unconstitutional, violates statutory law, or is against public policy." *Allright, Inc. v. Elledge*, 515 S.W.2d 266, 267 (Tex. 1974).  The release in question is not violative of the Constitution, statutory law, or public policy.  The issue is therefore whether the parties intended the release to apply prospectively.

_____

[2] The district court struck the release with respect to Thomas in his individual capacity, and neither party has appealed that ruling.

3

Nothing in the language of the release — an agreement "to release all parties . . . from such claims . . . arising in this proceeding" — indicates an intent to limit the release's application to events which occurred prior to the signing of the release. We therefore hold that the Agreed Order does release Thomas, HCSA and Bexar from future liability arising out of the bankruptcy proceeding, and affirm the judgment of the district court.

Ghidoni next asserts that he did not release the other parties from liability in exchange for $10,000.00. The Agreed Order mentions no such sum, he argues, and the bankruptcy court erred in modifying the release in its April 2, 2003 order. Thomas, HCSA and Bexar, on the other hand, maintain that the parties only signed the Agreed Order based upon representations at the hearing that all claims against them would be released in exchange for payment of $10,000.00.

Thomas, HCSA, and Bexar are literally correct, in that the transcript of the hearing held prior to entry of the Agreed Order does report discussions between the parties with respect to the release and the payment of $10,000.00. However, nothing in the Agreed Order incorporates this hearing, by reference or otherwise. Under the basic rules of contract[3] interpretation, the four corners of the contract control, *J.M. Krupar Construction Co. v. Rosenberg*, 95 S.W.3d 332, 334 (Tex. App. 2002), unless the contract is deemed ambiguous, *Clear Lake City Water Authority v. Kirby Lake Development, Ltd.*, 123 S.W.3d 735, 744 (Tex. App. 2003). "Only when a contract is first determined to be ambiguous may the courts consider the parties' interpretation and admit extraneous evidence to determine the true meaning of the instrument." *Clear Lake City Water Authority*, 123 S.W.3d at 744. Because the Agreed Order unambiguously states that Ghidoni releases the parties

---

[3]Because both parties concur that the Agreed Order is a contract, we assume without deciding that it should be treated as such.

from claims arising out of the bankruptcy proceeding in exchange for no specified amount,[4] this is the interpretation that must control. The bankruptcy court erred in entering its April 2, 2003 order to the extent that it held the release was contingent upon the payment of $10,000.00. We reverse the ruling of the district court on this point.

Ghidoni requests, as relief, that this Court reform the Agreed Order by striking the April 2, 2003 order's release language in its entirety and replacing the language referring to "the sum of $10,000.00" with "all remaining cash and assets of the Estate." Because we have determined that the April 2, 2003 Order released Thomas, HCSA, and Bexar from any claims arising out of the bankruptcy action as was contemplated by the Agreed Order, we decline to strike that language. And although we agree with Ghidoni that the Agreed Order did not contemplate the payment of $10,000.00 in exchange for this release, we decline to reform the April 2, 2003 order in the manner he requests. Just as nothing in the four corners of the Agreed Order stipulates the payment of $10,000.00, nothing in the four corners of the Agreed Order refers to "all remaining cash and assets of the Estate." The Agreed Order does not address what happens to any remaining assets of the Estate after satisfaction of the claims of the creditors. We therefore remand this case for a determination of the status of any remaining assets of the Estate.

## IV. CONCLUSION

Ghidoni did release Thomas, HCSA, and Bexar from claims arising out of the bankruptcy proceeding. To the extent that the April 2, 2003 order embodies this release, the judgment of the district court is AFFIRMED.

---

[4]There was, however, consideration for the release. Ghidoni retained the right to sue a third party for malpractice, a right relinquished by Thomas, HCSA, and Bexar.

The release was not, however, in exchange for $10,000.00. To the extent that the April 2, 2003 order contemplates this exchange, the judgment of the district court is REVERSED.

The Agreed Order did not address the disposition of any assets of the Estate that remained after the creditors were satisfied. This case is REMANDED with instructions to REMAND to the bankruptcy court for resolution of this issue and further proceedings not inconsistent with this opinion.