# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20322
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 16, 2013

Lyle W. Cayce
Clerk

KIMBERLY RAMIREZ,

Plaintiff - Appellant

v.

24 HOUR FITNESS USA, INCORPORATED; 24 HOUR FITNESS,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-1922

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Kimberly Ramirez claims to have suffered injuries when she slipped and fell at a 24 Hour Fitness gym. She sued 24 Hour Fitness in state court, and 24 Hour Fitness removed the case to federal court based on diversity jurisdiction. 24 Hour Fitness then moved for summary judgment because Ramirez signed a membership agreement that released it from liability for personal injury

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims caused by its negligence.   The district court granted summary judgment.  Ramirez appeals the district court's decision.  We AFFIRM.

"We review a district court's grant of summary judgment *de novo*." *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 438 (5th Cir. 2012).  Ramirez asserts five issues on appeal, which can be grouped into three: whether the membership agreement is illusory; whether the release of liability clause is unconscionable; and whether the release of liability clause fails to comply with Texas's fair notice requirements.   These are issues of law reviewed *de novo*.   *See Vandeventer v. All Am. Life & Cas. Co.*, 101 S.W.3d 703, 720 (Tex. App. – Fort Worth 2003) (illusory); *In re Poly-America, L.P.*, 262 S.W.3d 337, 349 (Tex. 2008) (unconscionable); *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 509 (Tex. 1993) (fair notice).

Ramirez's first argument, that the membership agreement was illusory, relies on our holding in *Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202 (5th Cir. 2012).   There, we held that an agreement to arbitrate in the 24 Hour Fitness employee handbook was illusory because the employer retained the "right to revise, delete, and add to the employee handbook" without providing meaningful notice to the employee.  *Carey*, 669 F.3d at 206, 209.  In this case, 24 Hour Fitness included related language in its membership agreement by retaining the right "to modify the policies and any club rule without notice at any time."  Ramirez contends that this language means her agreement with 24 Hour Fitness was also illusory.

As an initial matter, the district court here noted that *Carey* resolved an arbitration dispute between an employer and employee.  It correctly concluded that *Carey* expressed an "arbitration-specific" holding, not readily applicable to the enforceability of a release of liability agreement.  *Carey*'s basic concern was that one party should not be allowed to negate a promise by retaining the right to alter that promise: "Thus, the fundamental concern driving this line of

case law is the unfairness of a situation where two parties enter into an agreement that ostensibly binds them both, but where one party can escape its obligations under the agreement by modifying it." *Id.* at 209. *Carey* applied law that invalidated arbitration agreements when the writer of the agreement could unilaterally decide not to be bound by it. *Id.* at 205. The release of liability provision, though, is not a mutual release; it already was one-sided.

Regardless, 24 Hour Fitness did not retain the right to invalidate the release of liability agreement. In *Carey*, the language in the contract clearly gave 24 Hour Fitness the right to modify its employee handbook at any time and for any reason, and therefore it was able to alter terms of employment with its employees. *Id.* at 206. The language in the release provision is not so broad. 24 Hour Fitness only retained the right to modify its "policies" and "rules." The membership agreement does not define those terms or otherwise indicate that releasing 24 Hour Fitness from liability for its negligence qualifies as a policy or rule. Whatever the effect of 24 Hour Fitness' right, we agree with the district court that it does not give 24 Hour Fitness the right to modify the agreement's terms generally or the release of liability clause specifically. Because there is no danger that 24 Hour Fitness would or could amend or terminate Ramirez's agreement to release it from liability, the release is not unenforceable for this reason. *See In re 24R, Inc.*, 324 S.W.3d 564, 566-67 (Tex. 2010).

Next, Ramirez contends that the agreement is unconscionable. She first appears to argue that the clause is procedurally unconscionable because her schedule provided limited gym options. That created a situation in which she felt forced to sign the membership agreement in order to maintain her health. Ramirez admits in her briefing, though, that she had other, perhaps less desirable, exercise options. There were other exercise facilities available in her area, and she could have exercised without the use of a gym. Instead, she chose to use the facilities at 24 Hour Fitness, which included releasing the company

No. 13-20322

from liability as a condition for membership. The district court correctly reasoned that Ramirez was free not to sign the agreement. *See Allright, Inc. v. Elledge*, 515 S.W.2d 266, 267 (Tex. 1974) (Reavley, J.).

Ramirez also appears to assert that the clause was substantively unconscionable by comparing the clause in the membership agreement to the exculpatory clause in *Crowell v. Housing Authority of City of Dallas*, 495 S.W.2d 887 (Tex. 1973). In *Crowell*, the Texas Supreme Court invalidated a clause that purported to release the Dallas Housing Authority from premises liability. *Id.* at 889. That decision was founded on the public policy concern that entities like the Dallas Housing Authority should not be able to release themselves "from liability for negligence in the performance of their duty of public service." *Id.* There are no such public policy concerns here. 24 Hour Fitness is a private gym which Ramirez chose to join. Ramirez bargained away any potential recovery in exchange for the conveniences offered by 24 Hour Fitness.[1] That agreement is not so obviously shocking or gross that it is unenforceable. *Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121, 136 (Tex. App. – Waco 2005). The district court correctly determined that Ramirez did not carry her burden of showing that the agreement was either procedurally or substantively unconscionable. *Id.*

Finally, Ramirez's arguments about the text and language of the release are unconvincing, regardless of whether they are seen as arguments about fair notice or unconscionability. Ramirez parses the language of the clause in such a way as to suggest there is ambiguity. The district court correctly concluded

---

[1] 24 Hour Fitness does not discuss what benefits Ramirez received by signing this agreement, but Ramirez does not argue that she did not receive any benefits from 24 Hour Fitness. The contract provides that Ramirez's release was "consideration of [her] participation in the activities offered by 24 Hour."

that the clause contains the language necessary to comply with Texas's fair notice requirements and was sufficiently clear to express its purpose.

We also reject the arguments that Texas law required the release to be in a larger font size; that the font size was too small to be understood by Ramirez; or that the language was emphasized (by bold, but not completely underlined) in such a way as to confuse Ramirez as to its meaning. The district court pointed out that the font size was no smaller than the other membership provisions and the language was captioned with the larger phrases, "RELEASE OF LIABILITY · ASSUMPTION OF RISK," which draws the reader's attention to that portion of the contract. The district court did not err in finding that the clause was conspicuous and clear enough to be understood by Ramirez.

AFFIRMED.